DENNIS, Justice,
concurring in part and dissenting in part.
I concur in the majority’s holding, 404 So.2d 1202, that the defendant waived his objection to the district attorney’s failure to sign the bill of information. Under La. C.Cr.P. art. 535(C), this ground for the motion to quash provided by La.C.Cr.P. art. 534(1) is subject to the general time limit for filing pretrial motions, and failure to timely file results in waiver of the objection La.C.Cr.P. art. 535(C). A motion to quash on the ground that the district attorney failed to sign the bill of information was not made within fifteen days after arraignment, so the defect was waived.
However, I respectfully dissent from the majority’s holding that the violation of La. C.Cr.P. art. 873 is harmless error. Article 873 uses mandatory language in requiring that twenty-four hours elapse between the overruling of a motion for new trial and sentencing when the defendant is convicted of a felony. There is no provision comparable to article 535(C) above which equates inaction by the defendant with waiver of his statutory right. More importantly, article 873 does provide for an express waiver of the delay by the defendant, which implies that only that form of waiver is permissible. Because it appears the legislative intent was to permit only the express waiver, the majority errs in analyzing this issue in terms a failure to affect substantial rights. The legislature in effect has said that a failure to comply with article 873 in the absence of an express waiver by the defendant affects substantial rights.