543 So.2d 599 (1989)
STATE of Louisiana
v.
Anthony W. LORDI.
No. 88-KA-1055.
Court of Appeal of Louisiana, Fourth Circuit.
April 27, 1989.
*600 Harry F. Connick, Dist. Atty., Jack Peebles, Asst. Dist. Atty., New Orleans, for State.
Dwight Doskey, M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for defendant.
Before BARRY, BYRNES and PLOTKIN, JJ.
PLOTKIN, Judge.
The defendant, Anthony Lordi, appeals his sentencing after a conviction for attempted first degree robbery and a finding that the defendant was a multiple offender. The defendant's sole assignment of error is that the trial court erred in denying him good time eligibility. We affirm the trial court's sentence, which in fact did not deny the defendant good time eligibility.
FACTS
On August 2, 1987, Officer Robert Wheeler, a federal prison guard was in New Orleans attending a seminar at the Marriot Hotel. Walking to his hotel, at 10:00 p.m., he was grabbed from behind and an object was placed at his neck. The perpetrator threatened to cut his throat if Wheeler did not give him his money. Wheeler yelled for help and was able to break free. Along with a street vendor, who was alerted by Wheeler's yell, he followed the defendant until the two men saw a police officer. The three men chased the defendant and apprehended him. A comb, which was the apparent object placed at Wheeler's neck, was found in his possession.
The defendant was charged by bill of information with attempted first degree robbery. He was found guilty as charged on November 18, 1987. The defendant was found to be a triple offender, pursuant to La.R.S. 15:529.1, and was sentenced to serve forty years at hard labor without benefit of probation, parole or suspension of sentence.
ERRORS PATENT
A review of the record reveals no errors patent.
ASSIGNMENT OF ERROR
The defendant's sole assignment of error is that the trial court erred by denying him good time eligibility. This court has held that a trial court may not deny a defendant good time eligibility, even if he is prohibited from earning good time by operation of law. State v. Melancon, 536 So.2d 430 (La.App. 4th Cir.1988). However, a careful review of the record reveals that the defendant was not denied good time by the judge at sentencing. The NO GOOD TIME indication is an error on the minute entry that is not reflected in the transcript of the sentencing hearing. This court has recently affirmed that, in such cases where there is conflict between the minute entry and the transcript, the sentence reflected in the transcript is controlling. State v. Pleasant, 541 So.2d 401 (La. App. 4th Cir. 1989), citing State v. Herbert, 508 So.2d 973 (La. 4th Cir.1987)
The sole assignment of error is without merit because there was no denial of good *601 time eligibility by the trial court. We therefore affirm defendant's sentence.
AFFIRMED.