571 So.2d 722 (1990)
STATE of Louisiana, Appellee,
v.
Billy Henry BOYTE, Jr., Appellant.
No. 22007-KA.
Court of Appeal of Louisiana, Second Circuit.
December 5, 1990.
*724 Hunter, Scott, Blue, Johnson & Ross by Robert C. Johnson, Monroe, for appellant.
John P. Spires, Mark Donahoe, Monroe, for appellee.
Before FRED W. JONES, Jr., and NORRIS, JJ., and PRICE, J. Pro Tem.
PER CURIAM.
Defendant Boyte was originally charged with one count of simple burglary and one count of felony unauthorized use of a movable. Pursuant to a plea agreement in which the State agreed not to prosecute him as a multiple offender, defendant pled guilty to attempted simple burglary, La.R.S. 14:62 and 14:27, and misdemeanor unauthorized use of a movable, La.R.S. 14:68. He was sentenced to terms of six years at hard labor on the burglary charge and six months in jail on the misdemeanor charge, with the sentences to run concurrently.[1] Defendant appealed these maximum terms of imprisonment as excessive. We affirm for the reasons explained.

Factual Context
On June 13, 1987 defendant and an accomplice went to the horse stables at the Northeast Louisiana University farm. Defendant pried the hasp from a stable door, removed saddles, blankets and bridles, and loaded the items onto his truck. When he attempted to load two horses into a trailer attached to the truck, defendant's truck became stuck, so he and his companion fled on foot. They crossed a nearby bayou in a stolen small aluminum boat. Once across, they abandoned the boat and walked to an automobile dealership where they stole a 1985 Ford truck. On the following day, defendant stole a license plate, which he switched with the one originally on the stolen truck.
After police determined defendant to be the owner of the truck found abandoned at the scene of the burglary, he was arrested. He was sentenced to the maximum terms of imprisonment for the pled offenses. On appeal he challenges the sentences, arguing the trial court failed to accord adequate weight to the factors enumerated in La.C. Cr.P. Art. 894.1 and that the sentences are constitutionally excessive.

*725 Law

In determining whether a sentence is excessive, the test imposed by the reviewing court is two-pronged. First, the record must show the trial court took cognizance of the factors set forth in La.C. Cr.P. Art. 894.1 which enumerates criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir. 1983), writ denied, 439 So.2d 1074 (La. 1983); State v. Tully, 430 So.2d 124 (La. App. 2d Cir.1983), writ denied, 435 So.2d 438 (La.1983).
While the trial court need not articulate every aggravating and mitigating circumstance outlined in Art. 894.1, the record must reflect the court adequately considered those guidelines in particularizing the sentence to the defendant. State v. Smith, 433 So.2d 688 (La.1983); State v. Hammonds, supra; State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir.1983), writ denied, 438 So.2d 1112 (La.1983).
The articulation of the factual basis for a sentence is the goal of 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even when there has not been full compliance with Art. 894.1 State v. Lanclos, 419 So.2d 475 (La.1982). Important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir. 1988), writ denied, 521 So.2d 1143 (La. 1988).
After determining whether the provisions of Art. 894.1 have been complied with by the trial court, the reviewing court must then determine whether the sentence imposed is too severe given the circumstances of the case and the background of the defendant.
The sentencing court is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing court. State v. Square, 433 So.2d 104 (La.1983); State v. Hammonds, supra; State v. Brooks, 431 So.2d 865 (La. App. 2d Cir.1983).
A sentence is unconstitutionally excessive in violation of La.Const. 1974 Art. 1, § 20 if the sentence is grossly out of proportion to the severity of the offense or nothing more than the needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Cunningham, supra. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. State v. Lewis, 430 So.2d 1286 (La.App. 1st Cir.1983), writ denied, 435 So.2d 433 (La.1983).
In selecting a proper sentence, the trial court is not limited to considering only a defendant's prior convictions, but may properly review all prior criminal activity. State v. Palmer, 448 So.2d 765 (La.App. 2d Cir.1984), writ denied, 452 So.2d 695 (La.1984). As a general rule, maximum or near maximum sentences are to be reserved for the worst offenders and the worst offenses. State v. Lathers, 444 So.2d 96 (La.1983); State v. Telsee, 425 So.2d 1251 (La.1983); State v. Williams, 454 So.2d 1287 (La.App. 2d Cir.1984). However, in cases where the defendant has pled guilty to an offense which does not adequately describe his conduct, the benefit received by the plea bargain agreement and the attendant reduction in potential exposure to criminal penalty is a proper sentencing consideration. State v. Griffin, 455 So.2d 681 (La.App. 2d Cir.1984), writ denied, 458 So.2d 128 (La.1984); State v. Richardson, 446 So.2d 820 (La.App. 2d Cir. 1984); State v. Winzer, 465 So.2d 817 (La. App. 2d Cir.1985).

*726 Discussion

The trial court adequately articulated the factors to be considered in the imposition of sentence as required by Art. 894.1. Defendant's personal history, as reflected in the presentence investigation report, was reviewed by the trial court. Defendant was 26 years old, single, had been born and grew up in the Monroe area and had no dependents. He had a high school education and prior employment in carpet installation, painting and ranching.
The court was particularly troubled by defendant's extensive criminal history, which dated back to a juvenile record. In 1981 defendant was convicted for felony auto theft, misdemeanor theft, drunk and disorderly, contempt of court and twice for criminal mischief. An additional charge of criminal damage to property was dismissed. The felony auto theft conviction resulted in a 5 year probated sentence. Probation was revoked when defendant was arrested in 1982 on charges of felony theft and simple burglary. For these charges defendant received sentences of 2 years at hard labor and 4 years at hard labor, respectively. Based upon its calculations, the court determined defendant was "probably" a third felony offender who continually showed a disregard for other's property rights. Because of defendant's extensive history of criminal activity and his poor response to previous leniency by the judicial system, the court determined defendant would most likely continue to commit crimes and, accordingly, found him in need of correctional treatment.
Noting defendant had benefited substantially from the plea agreement, the court determined that sentences less than the maximum for the pled offenses would deprecate the seriousness of the actual crimes. Had he been adjudged an habitual offender, he would have faced a potential 24 years at hard labor on the original burglary charge alone. La.R.S. 15:529.1 and 14:62.

Conclusion
Based upon the record presented, the trial court adequately complied with the criteria of La.C.Cr.P. Art. 894.1. In light of defendant's past record and the benefits he received from the plea bargain, there is no showing that the trial court abused its discretion or that the sentences are constitutionally excessive.

Decree
For the foregoing reasons, defendant's sentences are AFFIRMED.
NOTES
[1] We note an inconsistency in the record relative to whether the sentences were imposed concurrently or consecutively to one another. In the Court's written judgment it states the sentences are imposed consecutively. However, the sentencing transcript makes it clear the Court intended the sentences to be served concurrently. The State's appellate brief and the trial court's per curiam opinion confirm the concurrent nature of the sentences. The minutes are ambiguous.

Where there is a discrepancy between the minutes and the sentencing transcript, the transcript prevails. State v. Collins, 546 So.2d 1246 (La.App. 1st Cir.1989); State v. Lordi, 543 So.2d 599 (La.App. 4th Cir.1989); State v. Johnson, 533 So.2d 1288 (La.App. 3d Cir.1988); State v. Gilmore, 522 So.2d 658 (La.App. 5th Cir.1988). An error in the minute entry is clerical, causing no prejudice to defendant's rights and does not merit reversal. State v. Gilmore, supra. La.C. Cr.P. Art. 871 requires that the trial court orally pronounce sentence. A written judgment is not required. Thus, the discrepancy should be resolved in favor of the oral sentence reflected in the sentencing transcript. Since the differing terms in no way affected defendant's substantial rights, the irregularity does not constitute error patent. La.C.Cr.P. Art. 921.