682 So.2d 827 (1996)
STATE of Louisiana, Appellee,
v.
Albert Lorenzo TAYLOR, Appellant.
No. 28736-KA.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1996.
*828 George Ross, for Appellant.
Richard P. Ieyoub, Attorney General, Jerry L. Jones, District Attorney, Stephen Sylvester, Assistant District Attorney, for Appellee.
Before HIGHTOWER, WILLIAMS and GASKINS, JJ.
WILLIAMS, Judge.
The defendant, Albert Lorenzo Taylor, was charged by bill of information with one count of simple burglary, a violation of LSA-R.S. 14:62. After a jury trial, defendant was found guilty of attempted simple burglary, a violation of LSA-R.S. 14:27. The trial court sentenced defendant to serve three years imprisonment at hard labor and denied his timely motion for reconsideration of sentence. The defendant appeals his conviction and sentence. For the following reasons, we affirm.

FACTS
At approximately 6:30 a.m. on March 3, 1995, Tracey Ardito observed a black male walk past his employer's parking lot carrying a microwave oven. The man crossed the street and tried to place the microwave inside the trailer of an eighteen-wheel truck in a warehouse parking lot. Unable to open the trailer door, the man set down the oven in an alley and walked away. He then returned, picked up the microwave and proceeded down the alley. Ardito reported this suspicious activity to the Monroe Police Department.
Officers Virgil Parker and B. Jordan responded to the call and observed a man, later identified as the defendant, walking across a field carrying a microwave. Officers Mercer and Powell arrived at the scene a short time later. The officers stopped defendant, advised him of his rights and conducted a pat-down search. The police officers removed a screwdriver, a piece of electrical wire and several paper coin wrappers from defendant's pockets. Approximately five to ten minutes later, they received a call that a store in the area had been burglarized. Officer Mercer presented the defendant to Ardito, who identified defendant as the man he had previously seen carrying the microwave. Officer Mercer then took the defendant to the scene of the burglary.
Earlier that morning, Carl Vorhees had arrived at his workplace, Fitch's Superior Paint ("Superior Paint") on North 4th Street, *829 and found that someone had broken into the soft drink machine and an office desk, and that a microwave oven was missing. Vorhees reported the break-in to the police. Vorhees identified the microwave recovered from defendant as the one that had been stolen, along with a television and a bag containing loose change and paper coin wrappers.
The police determined that the burglar's point of entry was through a hole in the roof made for the heating and cooling unit vent. The walls of the closet housing this unit were covered with aging unpainted sheetrock that had turned yellow. The defendant was wearing a jacket stained with yellow marks which matched the color of the walls. Officer Mercer confiscated defendant's jacket as evidence.
Defendant told police that he found the microwave oven in an alley among some trash while walking home from his girlfriend's house. Defendant's job involved loading freight onto truck trailers at Monroe Warehouse, which was nearby. The defendant stated that he wanted to protect the microwave from the rain and tried placing it inside one of the trailers parked on his employer's lot.
The defendant was charged with simple burglary. After a trial, the jury found defendant guilty of attempted simple burglary. The trial court sentenced the defendant to serve three years at hard labor with credit for time served, to run consecutively with any other sentence imposed. The defendant's motion for reconsideration of his sentence was denied. Defendant appeals.

DISCUSSION

Sufficiency of the Evidence
The defendant argues the evidence produced at trial was insufficient to convict him of attempted simple burglary. He contends the state's extremely weak circumstantial evidence failed to prove that he removed the microwave from the inside of the Superior Paint building.
Simple burglary is defined in LSA-R.S. 14:62 as the unauthorized entering of any dwelling, vehicle, watercraft or other structure, movable or immovable, with the intent to commit a felony or any theft therein. A person attempts to commit simple burglary when he has the specific intent to commit the offense and does or omits an act for the purpose of and tending directly toward accomplishing his object. LSA-R.S. 14:27.
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Bellamy, 599 So.2d 326 (La.App. 2d Cir.), writ denied, 605 So.2d 1089 (La.1992); State v. Hall, 26,505 (La. App.2d Cir. 12/7/94), 647 So.2d 453.
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Lott, 535 So.2d 963 (La.App. 2d Cir.1988).
Although LSA-R.S. 15:438 provides that when circumstantial evidence is used to convict, every reasonable hypothesis of innocence must be excluded, this statutory rule is not a separate test from the Jackson standard and does not establish a stricter standard of review. Rather, all the evidence, both direct and circumstantial, must be sufficient under the Jackson standard to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt. State v. Porretto, 468 So.2d 1142 (La.1985); State v. McKnight, 539 So.2d 952 (La.App. 2d Cir.), writ denied, 548 So.2d 322 (La.1989).
In the present case, the evidence essentially consists of defendant's possession of the *830 stolen microwave oven, a screwdriver and paper coin wrappers. Also, defendant's jacket was stained with yellow spots matching the color of the walls inside the store's utility closet. In addition, Ardito testified that he saw defendant carrying a microwave oven and coming from the direction of Superior Paint. Although Ardito could not positively identify defendant at trial, Officer Mercer confirmed that Ardito had identified defendant that morning as the man he had seen earlier walking through the parking lot with a microwave. Officer Parker testified that he had also seen defendant carrying the microwave oven.
Vorhees, a Superior Paint employee, identified the microwave as the one that had been stolen from the store. He also testified that a bag of loose change taken from an office desk had contained paper coin wrappers. Officer Parker stated that coin wrappers and a screwdriver were found in defendant's pockets. However, Officer Mercer acknowledged that defendant did not possess any money when he was stopped by the police officers. Officer Mercer stated that he logged defendant's jacket into evidence because it had yellow stains matching the wall color of the utility closet, through which the burglar had entered Superior Paint. Vorhees also testified that the yellow spots on the jacket were similar to the color of the closet walls.
Defendant testified that his jacket became stained at work, where he was painting yellow lines in the warehouse. He further testified that he worked the night before the crime until 11:00 p.m., and then rode with a friend to a bar. The defendant later left the bar and went to his girlfriend's house, where he remained until 5:00 a.m. on the morning of the crime. Defendant stated that while walking home, he found the microwave in an alley among what appeared to be trash. However, defendant failed to offer any witnesses who could testify in regard to his activities or to the manner in which his jacket was stained. In addition, other facts contradicted defendant's testimony. Sergeant James Fried testified that when he saw the microwave, it was barely wet, despite the steady rain which had fallen overnight and during the morning of the crime. Sergeant Fried opined that the microwave would have been soaking wet if it had actually been outside in the trash.
The evidence establishes that defendant was in possession of the stolen microwave oven and the yellow stains on his jacket are consistent with someone brushing against the utility closet walls to gain access to the store. There was evidence that the store's soft drink machine and desk drawer had been pried open, and that the stolen change bag contained paper coin wrappers. Significantly, the defendant possessed a screwdriver and coin wrappers when stopped by the police in close proximity to the scene of the burglary. Viewing all of the evidence in the light most favorable to the state, the jury could reasonably have concluded that defendant had committed acts for the purpose of accomplishing a crime. Thus, the record supports defendant's conviction for attempted simple burglary. This assignment of error lacks merit.

Excessive Sentence
The defendant argues the trial court erred in imposing an excessive sentence. He contends the trial court failed to adequately consider several mitigating circumstances.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. Art. 1, § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Thompson, 25,583 (La.App.2d Cir. 1/19/94), 631 So.2d 555. A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court does not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Thompson, supra.
The statutory maximum sentence for the offense of attempted simple burglary is imprisonment *831 for six years, which is one-half of the longest term of imprisonment prescribed for the offense attempted. LSA-R.S. 14:62 and 14:27. Previously, in State v. Boyte, 571 So.2d 722 (La.App. 2d Cir.1990), this court upheld a sentence of six years at hard labor for an attempted simple burglary conviction where the perpetrator had an extensive criminal history and tried to steal two horses and equipment.
In the present case, the trial court considered defendant's background and the mitigating circumstances, including defendant's steady employment history and the fact that defendant did not have a juvenile record, that he was a high school graduate with one year of college and that he had received an honorable discharge from the United States Air Force. However, the trial judge also noted that defendant's conduct was a very serious offense against the property of another and that defendant was a second felony offender.
After weighing these factors, the trial court imposed a sentence that is one-half of the statutory maximum for the offense of conviction. The trial judge adequately stated for the record his reasons for the imposition of this sentence. The sentence imposed is neither grossly out of proportion to the seriousness of the offense nor does it shock the sense of justice. We cannot say that the sentence is constitutionally excessive. Therefore, we conclude that the trial court did not abuse its discretion in sentencing this defendant. This assignment of error lacks merit.
Pursuant to LSA-C.Cr.P. Art. 920(2), we have examined the record for error patent and note that the trial judge, in his written judgment, incorrectly stated that defendant had withdrawn his not guilty plea prior to trial, and entered a guilty plea to one count of simple burglary. However, the minutes of court and the sentencing transcript properly reflect that defendant was tried by a jury and found guilty of attempted simple burglary.
Under LSA-C.Cr.P. Art. 871 A, the written judgment is not required. Sentence is to be pronounced orally and recorded in the court minutes. Thus, the discrepancy should be resolved in favor of the oral procedural summary reflected in the sentencing transcript and the minutes. Since the differing statements did not affect defendant's substantial rights, this irregularity does not constitute error patent. State v. Boyte, 571 So.2d 722 (La.App. 2d Cir.1990).
Our review also reveals that the presentence investigation report incorrectly states that the defendant had entered a guilty plea to attempted second degree burglary. As previously stated, the court minutes and the sentencing transcript show that the trial court knew defendant was found guilty by a jury of attempted simple burglary. This misstatement did not affect defendant's substantial rights and does not constitute error patent. No other error was found.
The defendant's conviction and sentence are affirmed.
AFFIRMED.