**NOT FOR PUBLICATION**

**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**14-187**

**STATE OF LOUISIANA**

**VERSUS**

**TERRANCE WAYNE ANDERSON**

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 09-237622
HONORABLE JOHN E. CONERY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

**SYLVIA R. COOKS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, J. David Painter, and Phyllis M. Keaty, Judges.

**CONVICTION AFFIRMED. SENTENCE VACATEDAND REMANDED FOR RESENTENCING. MOTION TO WITHDRAW DENIED.**

**J. Phillip Haney**
**District Attorney - 16th JDC**
**415 S. Main Street, 200 Courthouse**
**St. Martinville, LA 70582**
**(337) 394-2220**
**COUNSEL FOR APPELLEE:**
      **State of Louisiana**

**Edward J. Marquet**
**Louisiana Appellate Project**
**P.O. Box 53733**
**Lafayette, LA 70505-3733**
**(337) 237-6841**
**COUNSEL FOR APPELLANT:**
    **Terrance Wayne Anderson**

**COOKS, Judge.**

On January 15, 2010, Defendant, Terrance Anderson, was charged by bill of information with one count of illegal possession of stolen things valued over $500.00, a violation of La.R.S. 14:69B(1). On February 23, 2010, Defendant entered a plea of not guilty to the charge. On March 14, 2011, pursuant to a plea agreement with the State, Defendant entered a guilty plea to unauthorized use of a movable. During the same plea proceeding, Defendant also pled guilty to several charges filed in other docket numbers – two counts of possession of cocaine, another count of unauthorized use of a movable, and one count of aggravated flight from an officer. The trial court ordered a certified criminal history and then set the matter for sentencing on June 2, 2011. On that date, the trial court imposed the following sentences: 1) aggravated flight from an officer (this court's docket number 13-811) – two years at hard labor; 2) unauthorized use of a movable (this court's docket number 14-187) – five years at hard labor, consecutive; 3) possession of cocaine (this court's docket number 13-810) – five years at hard labor, consecutive; 4) possession of cocaine (this court's docket number 13-809) – five years at hard labor, concurrent; and 5) unauthorized use of a movable (this court's docket number 14-186) – five years at hard labor, concurrent. The trial court then stated Defendant was to serve a total of twelve years at hard labor.

On June 10, 2011, the Defendant's attorney filed a Motion to Reconsider Sentence. Then, on June 27, 2011, Defendant filed a *pro se* Motion for Sentence Reconsideration. At a Motion to Reconsider hearing held on March 16, 2012, the trial court amended the sentence imposed on aggravated flight from an officer to two years at hard labor to run concurrently with all other charges. By amending the sentence, the trial court reduced the net effect of Defendant's sentences from

twelve years on all counts to ten years on all counts, and the trial court recommended Defendant for the IMPACT Program.

On April 9, 2012, Defendant filed a Motion for Appeal and Withdrawal as Counsel of Record for Appeal in all five docket numbers. The Motion for Appeal stated that Defendant desired to appeal his sentence. On that same date, Defendant filed a Motion and Order to Clarify and/or Amend Sentence, asking the trial court to reduce the ten year sentence to seven years so that he would be eligible for the IMPACT program. The trial court granted the appeals of Defendant's sentences on April 13, 2012, and ordered trial counsel to remain counsel of record for purposes of the Motion and Order to Clarify and Amend Sentence. Subsequently, on June 19, 2012, the trial court ordered the sentence in the present docket number to remain the same.

Pursuant to several information requests to the St. Martin Parish Clerk of Court, this court learned all of the minute entries were not submitted in the original appellate records. Thus, on April 11, 2014, we sent an information request to the St. Martin Parish Clerk of Court for all minute entries and pleadings pertaining to this docket number. According to a minute entry dated May 24, 2013, Defendant's case went before the trial court on a Motion to Correct Illegal Sentence. The matter was continued until June 11, 2013. A minute entry dated June 11, 2013, states the case went before the court on a Motion to Correct Illegal Sentence but was reset for June 27, 2013. Another minute entry dated June 11, 2013, states that the case went before the court on a Motion to Correct Illegal Sentence but was continued without date due to the nonappearance of Defendant's attorney.

Finally, one of the supplemental records revealed that on June 27, 2013, the matter went before the trial court on a Motion to Reconsider and Amend Sentence. According to the minute entry, the trial court, on joint motion of the parties,

2

amended the previously imposed sentences to order all sentences to run concurrently with each other. According to the transcript of the June 27, 2013, hearing, the matter before the court was a Motion to Reconsider Sentence based on the discontinuance of the Boot Camp program. The trial court stated that pursuant to a joint recommendation, "[a]ll sentences remain the same as to the amount of time imposed, but they should run concurrently with one another and with each other's docket number." The trial court stated it was its intention that Defendant would receive a five-year hard labor sentence. The trial court also recommended all of the programs for which Defendant is eligible as noted in the written Judgment on the Amended Sentence signed that same date.

The present appeal lodged in this court on February 12, 2014, and Defendant filed a brief on March 18, 2014 concerning the conviction and sentence on one of the charges of unauthorized use of a movable. Defendant's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), alleging the record contained no non-frivolous issues for appeal and requested this court grant his accompanying Motion to Withdraw. On March 20, 2014, Defendant was advised, via certified mail, that counsel filed an *Anders* brief and he would be given until April 21, 2014, to file a *pro se* brief. In light of the filing of supplemental records after appellate counsel's original *Anders* brief was filed, this court issued an order on May 5, 2014, ordering appellate counsel to file a new brief in light of the supplemental records. On May 30, 2014, appellate counsel filed a second *Anders* brief and requested this court grant his accompanying motion to withdraw. On June 3, 2014, Defendant was advised, via certified mail, that counsel filed a second *Anders* brief and that he was given until June 30, 2014, to file a *pro se* brief. As of this date, no *pro se* brief has been filed.

Before the court are five separate appeals with five separate docket numbers. Because of an illegality in the sentences discovered by this court in its error patent review, we deny appellate counsel's motion to withdraw in each case and remand each case for resentencing in accordance with this opinion. Defendant's convictions in each case, however, are affirmed.

## FACTS

The following factual basis was submitted by the State at Defendant's guilty plea:

> Your Honor, in Docket No. 09-237,622 Mr. Anderson did use a movable which belonged to a Mr. Cody Huval, that movable being an Arctic Cat four-wheeler. That occurred in the city of Breaux Bridge, parish of St. Martin, and it was without the consent of Mr. Huval.
>
> Again, that is Revised Statutes 14:68 and carries a penalty of zero (0) to five (5) years.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find one error patent that requires the sentences in each case be vacated and the case remanded for resentencing.

The sentences orally pronounced by the trial court at the June 27, 2013, resentencing conflict with the sentences set forth in the written Judgment on Amended Sentence rendered that same date. At the oral pronouncement of Defendant's sentence, the trial court stated, "We *recommend* all the programs that he is eligible for in the Department of Public Safety & Corrections as noted in the Judgment on the Amended Sentence which has been agreed to by the State, and I will sign at this time." (emphasis added). In the written Judgment on Amended

4

Sentence, however, the trial court *ordered* (rather than recommended) the following:

- Defendant to be immediately transferred to, enrolled in, complete, and graduate from an in-patient program for substance abuse and, if available, psychiatric treatment from the Acadiana Recovery Center in Lafayette, Louisiana.

- The Acadiana Recovery Center to immediately admit Defendant, make a bed available for Defendant, and admit Defendant into its in-patient program for substance abuse and, if available, psychiatric treatment.

- Defendant's participation in the Acadiana Recovery Center to be considered as time served.

- Defendant be transported from Elayn Hunt Correctional Center (or any other correctional center to which he may be assigned) to Acadiana Recovery Center.

- Defendant be immediately returned to David Wade Correctional Center after graduating from his rehabilitation program for calculation of the total time remaining on his sentence.

- Defendant be immediately returned to David Wade Correctional Center if he does not graduate or withdraws, for any reason, from the rehabilitation program for calculation of the total time remaining on his sentence.

- Defendant be treated by a health care provider in the area for mental illness, regularly attend behavioral treatment by a psychologist, therapist, and/or psychiatrist for a minimum of six months.

Although the trial court's oral *recommendation* that Defendant be placed in all of the programs for which he is eligible was something it had authority to do, the trial court's written *order* that Defendant be placed in specific programs and facilities was a violation of La.R.S. 15:824(A). That statute provides that any individual subject to confinement in a state adult penal or correctional institution shall be committed to the Department of Public Safety and Corrections and not to any particular institution within the jurisdiction of the department. As the supreme

5

court noted in *State v. Blue*, 315 So.2d 281, 282 (La.1975), a defendant sentenced to hard labor is "committed" to the custody of the Department of Corrections. La.R.S. 15:824(C). Once in the custody of the Department of Corrections, "the physical placement of prisoners [is] within the jurisdiction of the DOC **alone**." *State v. Sylvester*, 94-2343, p. 5 (La.App. 4 Cir. 12/15/94), 648 So.2d 31, 33. Thus, it is improper for the trial judge to designate physical placement of a defendant committed to the custody of the Department of Corrections.

In *Blue*, the supreme court found the trial court improperly designated the placement of a defendant in the Louisiana State Penitentiary (rather than DOC) when the defendant had been sentenced to hard labor. Because of the error, the supreme court remanded the case for resentencing. *Id.* Similarly, in *State v. Welch*, 07-1401 (La.App. 3 Cir. 4/30/08) (unpublished opinion),[1] this court found the trial court improperly ordered the Department of Corrections to place the defendant in the St. Gabriel Women's Correctional Facility. As did the supreme court in *Blue*, this court in *Welch* set aside the sentence and remanded for resentencing. *Id.* at p. 2.

Likewise, we find the sentences imposed in each of the present cases should be set aside and the cases remanded for resentencing. We recognize that an oral pronouncement, not a written judgment of sentence, is required by La.Code Crim.P. art. 871. *State v. Sebastien*, 31,750 (La.App. 2 Cir. 3/31/99), 730 So.2d 1040, *writ denied*, 99-1426 (La. 10/29/99), 748 So.2d 1157. Thus, this court could find, as did the second circuit in *Sebastien,* that "[d]iscrepancies between a written judgment and the sentencing transcript should be resolved in favor of the oral sentence reflected in the sentencing transcript." *Id.* at 1048 (citing *State v. Boyte*, 571 So.2d 722 (La.App. 2 Cir. 1990). By making this finding, remand for

---

[1] This case is cited at 2008 WL 1897721.

6

resentencing would not be necessary as the oral pronouncement by the trial court only *recommended* Defendant's participation in all programs for which he is eligible. We find, however, that resentencing is the appropriate course of action to take in this case. It is clear that when the trial court orally pronounced sentence, the written Judgment on the Amended Sentence had already been prepared and, in fact, was signed by the trial court at that time. According to the written Judgment on Amended Sentence, "counsel for the State and Defendant [had] intensely discussed the matter at issue . . . and desire[d] to settle said issue amicably, without the need for any further judicial proceedings. . . ." Thus, the sentencing judge, the prosecutor, and defense counsel clearly intended that Defendant receive services that would lead him to rehabilitation, and they knew these services were available at the Acadiana Recovery Center. Had the trial court known it could not specifically designate the institution where Defendant would be placed, it is possible he may have imposed a different sentence. For these reasons, we vacate the sentences imposed in each case and remand for resentencing in accordance with this opinion.

## *ANDERS* ANALYSIS

Pursuant to *Anders*, Defendant's appellate counsel alleges that he made a conscientious and thorough review of the trial court record and could find no errors on appeal that would support reversal of the Defendant's conviction or sentence. Thus, counsel seeks to withdraw.

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after

7

providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

While it is not necessary for Defendant's appellate counsel to "catalog tediously every meritless objection made at trial or by way of pre-trial motions with a labored explanation of why the objections all lack merit[,]" counsel's *Anders* brief must "'assure the court that the indigent defendant's constitutional rights have not been violated.' *McCoy* [*v. Court of Appeals of Wisconsin*, 486 U.S. [429] at 442, 108 S.Ct. [1895] at 1903 [(1988)]." *State v. Jyles*, 96-2669, p. 2 (La. 12/12/97), 704 So.2d 241, 241. Counsel must fully discuss and analyze the trial record and consider "whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." *Id.* (citing *United States v. Pipper*, 115 F.3d 422, 426 (7th Cir. 1997). Thus, counsel's *Anders* brief must review the procedural history and the evidence presented at trial and provide "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." *State v. Mouton*, 95-981, p. 2 (La. 4/28/95), 653 So.2d 1176, 1177.

In his original *Anders* brief, appellate counsel pointed out that Defendant pled guilty after being explained his constitutional rights. Additionally, appellate counsel noted that Defendant agreed that no one threatened him or promised him anything in exchange for pleading guilty. The trial court accepted Defendant's

8

guilty pleas and found each to be free and voluntary with a complete understanding and waiver of all constitutional rights.

Finally, in his original *Anders* brief, appellate counsel asserted the sentence imposed for unauthorized use of a movable, five years at hard labor, could not reasonably be argued as excessive. Appellate counsel based this assertion on the fact that for all five counts, Defendant received a total sentence of ten years at hard labor. This sentence, appellate counsel noted, had been reduced from twelve years to ten years pursuant to a Motion to Reconsider Sentence filed by Defendant. Appellate counsel further noted Defendant has a significant criminal history – simple robbery and several arrests. In his most recent *Anders* brief, appellate counsel again asserts that the sentence imposed is not excessive in "view of the fact that the defendant's total sentence on all the charges to which he pled guilty was reduced to five (5) years . . . ."[2]

Pursuant to *Anders*, 386 U.S. 738, and *Benjamin*, 573 So.2d 528, we have performed a thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts. Defendant was properly charged in the bill of information, and he was present and represented by counsel at all crucial stages of the proceedings. Additionally, Defendant entered a free and voluntary plea after he was advised of his rights in accordance with *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969). Defendant pled guilty to unauthorized use of a movable, a crime different than the two charges for which he was originally charged – illegal possession of stolen things and aggravated flight from an officer. Although the record contains no amendment to the bill of information, the trial court stated at the June 2, 2011, sentencing that the aggravated flight from an

---

[2] We note that Defendant's "total sentence" was not reduced to five years as contended by appellate counsel. Rather, the "net effect" of the sentences was reduced to five years because of the trial court's order that all sentences run concurrently.

officer charge had been dropped and Defendant pled guilty to the amended charge of unauthorized use of a movable. According to the supreme court, the district court retains jurisdiction to accept a defendant's knowing and voluntary guilty plea even if the offense to which the defendant pleads is not responsive to the original charge, and the State fails to amend the bill of information to conform to the plea. *State v. Jackson*, 04-2863 (La. 11/29/05), 916 So.2d 1015.

After questioning Defendant as to whether anyone had threatened him or promised him anything to get him to plead guilty, the trial court advised him of his right to an attorney, his right to a trial by jury, his right to confront his accusers, and his right to remain silent. The trial court also made sure Defendant was aware of his right to have the State prove its case against him and his right to subpoena witnesses to testify on his behalf. The trial court accepted each of Defendant's guilty pleas, finding that they were all freely and voluntarily entered with a complete understanding and waiver of constitutional rights.

Finally, this court has previously addressed the legality of the sentences imposed. As discussed in the error patent section, we find the sentences imposed in each case must be vacated and the case remanded for resentencing in accordance with this opinion. Since Defendant must be represented at resentencing, defense counsel's Motion to Withdraw is denied. *See State v. White*, 08-838 (La.App. 3 Cir. 12/11/08) (unpublished opinion).[3]

Accordingly, after conducting an *Anders* review, this court affirms Defendant's conviction for unauthorized use of a movable. The sentence, however, is vacated based on the error patent discussed above, and the case is remanded for resentencing in accordance with this opinion. Because Defendant

---

[3] This case is cited at 2008 WL 5191845.

must be represented at the resentencing, appellate counsel's Motion to Withdraw is

denied.

**CONVICTION AFFIRMED. SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING. MOTION TO WITHDRAW DENIED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules–Courts of Appeal, Rule 2-16.3.

11