Judgment rendered December 18, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,044-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                    Appellee

versus

LADARRIUS HODGE                    Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 382,125

Honorable Ramona L. Emanuel, Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Chad Ikerd

JAMES E. STEWART, SR.                Counsel for Appellee
District Attorney

REBECCA ARMAND EDWARDS
FERNANDO BERNARD GRIDER, JR.
CHRISTOPHER BOWMAN
Assistant District Attorneys

* * * * *

Before STONE, ROBINSON, and MARCOTTE, JJ.

**ROBINSON, J.**

Ladarrius Hodge ("Hodge") was charged with one count of possession of a firearm or carrying a concealed weapon by a convicted felon and found guilty following a jury trial. Hodge only appeared for the first day of jury selection, failing to appear for the second and final day of jury selection and trial on the merits.

Hodge appeared at the sentencing hearing and his counsel filed motions for a new trial and post-judgment verdict of acquittal, which were denied. The trial court proceeded with sentencing immediately following denial of the motions instead of waiting the requisite 24-hour waiting period or obtaining a waiver of the delay. Hodge was sentenced to 18 years at hard labor without the benefit of probation, parole, or suspension of sentence.

Hodge filed a pro se motion to reconsider sentence shortly after sentencing, but it was not immediately ruled upon. Hodge's counsel filed a motion to appeal the conviction two months after sentencing, but before the pro se motion to reconsider sentence was ruled upon. The court signed the motion to appeal and appointed appellate counsel, although the motion to reconsider was not heard and denied until several months later.

For the following reasons, Hodge's conviction is affirmed, and his sentence is vacated and remanded to the trial court for sentencing.

## FACTS AND PROCEDURAL HISTORY

On April 3, 2021, Sonique Kennon ("Kennon") was driving in Shreveport with Hodge, her sister, her child, and her sister's two children in the vehicle, when she was pulled over by Shreveport Police Department ("SPD") Officers Monica Davis and Maria Gardner for driving with high beam headlights. Once the vehicle was stopped, Officer Davis saw a plastic

cover obscuring the license plate. Upon approaching the vehicle, Officer Davis smelled the odor of burnt marijuana emanating from the vehicle. Kennon did not have a license and two of the three children in the backseat were unrestrained. Kennon was instructed to exit the vehicle since she did not have identification and was questioned about possible marijuana in the vehicle. Kennon stated that she did not have any marijuana but did not know about any other adults in the vehicle. She was then placed in the patrol vehicle. Officer Davis approached Hodge in the passenger seat and instructed him to exit the vehicle. Hodge was also questioned about the marijuana and admitted that it was in a cup in the vehicle. Officer Davis then arrested Hodge and placed him in a different patrol car.

Both Officers Davis and Gardner testified that they observed a black backpack between Hodge's feet during the stop. Officer Davis searched the backpack and discovered a loaded 9-millimeter HiPoint firearm with an extended magazine. Kennon told Officer Davis upon discovery of the firearm that it belonged to her. A check on the firearm was run and it was discovered that the firearm had been reported as stolen. Kennon then told Officer Gardner that she reported the firearm as stolen shortly after she purchased it and had given the firearm to Hodge.

Hodge was charged on May 3, 2021, with one count of possession of a Schedule I CDS and one count of possession of a firearm or carrying a concealed weapon by a convicted felon. Hodge's prior felony was for unauthorized entry of an inhabited dwelling, to which he pled guilty on December 3, 2019, and was sentenced to pay a fine of $250 and court costs, or in default thereof, to serve 90 days in jail, and was placed on supervised probation for a period of 18 months. An amended bill was filed on April 20,

2

2023, to charge Hodge with only one count of possession of a firearm or carrying a concealed weapon by a convicted felon.

Hodge's jury trial began on April 24, 2023, with the commencement of jury selection. Hodge appeared the first day but failed to appear for the next two days of trial. The State moved to proceed with the trial, to which Hodge's counsel objected. The court overruled the objection and proceeded with the trial in Hodge's absence. After jury selection was completed, defense counsel presented a motion to suppress based on an unlawful stop. The State objected to the motion as untimely. The court ruled the motion could at least be "filed," but still denied the motion as untimely. The filed motion to suppress was not originally in the appellate record but was later included following this Court's granting of Hodge's motion to supplement the record.

Kennon was the sole witness for the defense. She testified that the backpack was already in the car when she picked up Hodge from work, but she referred to the backpack as "Ladarrius' backpack" during later questioning. She explained that Hodge had purchased the backpack and it belonged to him, but that she had been using it and had put it in the car. She stated that Hodge was unaware of the contents of the backpack. Kennon also testified that the gun found in the backpack belonged to her, and that she had placed it in the backpack, and the backpack in the car, without Hodge's knowledge. After a MVS recording excerpt was played for her recollection, Kennon was asked why she had referred to the gun as "his" during the police interview, and she replied that she had gotten the gun from her brother. Kennon was also questioned regarding the gun being reported stolen and she testified that she did not report it stolen, but that her brother

3

did. However, another excerpt from the MVS recording was played where Kennon admitted that she had told the police that she reported the gun stolen and had given it to Hodge. She stated that she had lied to police to avoid being arrested. Kennon continued to deny the gun was in Hodge's possession because she was the one using the backpack. Kennon further testified that she had told Hodge's lawyer, the DA, and Hodge's grandmother that the gun belonged to her.

Hodge was unanimously found guilty by a Caddo Parish jury of one count of possession of a firearm or carrying a concealed weapon by a convicted felon. Hodge appeared for the September 7, 2023, sentencing hearing, at which time the court denied Hodge's motions for a new trial and post-judgment verdict of acquittal. The trial court proceeded with sentencing without a waiver of the 24-hour waiting period. Hodge was sentenced to 18 years at hard labor without the benefit of probation, parole, or suspension of sentence.

Motions for a new trial and post-verdict judgment of acquittal were filed the same day as the sentencing hearing on September 7, 2023, both of which were immediately denied. Hodge also filed a pro se motion to reconsider sentence on September 29, 2023, approximately three weeks after the sentencing hearing. The motion was not immediately ruled upon. Hodge's counsel filed a motion to appeal the conviction two months after sentencing, but before the pro se motion to reconsider sentence was ruled upon. The court signed the motion to appeal and appointed appellate counsel, although the motion to reconsider was not heard and denied until several months later.

4

**DISCUSSION**

*Sufficiency of Evidence*

Hodge argues that the evidence introduced at trial, when viewed under the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781. 61 L. Ed. 2d 560 (1979), was insufficient to prove beyond a reasonable doubt that he was guilty of possession of a firearm or carrying a concealed weapon by a convicted felon. He refers to the rule regarding circumstantial evidence provided by La. R.S. 15:438, which states that, "assuming every fact to be proved that the evidence tends to prove, in order to convict, every reasonable hypothesis of innocence must be excluded."

Hodge refers to the felon in possession of a firearm statute, La. R.S. 14:95.1A(1), which states, in pertinent part, "it is unlawful for any person who has been convicted of . . . unauthorized entry of an inhabited dwelling … to possess a firearm or carry a concealed weapon." The essential elements of the offense are: 1) the defendant possessed the firearm, 2) the defendant had a prior conviction for an enumerated felony, 3) the defendant possessed the firearm within ten years of the prior conviction, and 4) the defendant had the general intent to commit the offense. *State v. Husband*, 437 So. 2d 269 (La. 1983).

Hodge argues that there was no direct evidence of his actual possession of the gun because there was no witness testimony that he was seen with the gun, no video evidence of him possessing a gun, no confession, the gun was not in plain view but concealed in a bag, no DNA, and there was no forensic evidence showing that he possessed the gun at any time. Hodge points out that Kennon testified the gun belonged to her, she had been using Hodge's backpack, and she placed the bag in the car. She

5

testified that Hodge was never told about the gun being in the bag when she picked him up. Hodge further claims that there was simply a miscommunication when Kennon responded affirmatively to police questioning whether it was "his" gun, because she meant the gun belonged to her brother, not Hodge.

Hodge also claims that the jury did not receive proper instructions as to the charge because "possession" was not defined to include both actual and constructive possession and did not distinguish between the two types. As such, the jury was only allowed a finding of guilt based on a finding of "possession," when constructive possession should have been defined to include elements such as "dominion and control," "intent," and "knowledge." Hodge nonetheless argues that, even if the jury had been properly instructed as to the definition of possession, the State failed to prove constructive possession because there was no direct evidence of his intent to possess the weapon or knowledge of its presence. He asserts that the State only showed that he was physically near the backpack that happened to contain a gun because it was on the floorboard of the passenger seat near where he was sitting. He claims that the State never proved he had knowledge of the contents of the bag or that he intended to possess the gun, and his proximity did not equate to dominion and control.

Hodge refers to the Louisiana Supreme Court's ruling in *State v. Haddad*, 99-1272 (La. 2/29/00), 767 So. 2d 682, *cert. denied*, 531 U.S. 1070, 121 S. Ct. 757 (2001), that the State must prove the offender exercised dominion and control over the firearm. When the perpetrator has not carried the firearm on his person, the State must show that the defendant's intent amounted to an intent to possess rather than a mere acquiescence to the fact

6

that there was a firearm in his presence. *Id.* The mere presence of a defendant in the area of the contraband or other evidence seized alone does not prove that he exercised dominion and control over the evidence and therefore had it in his constructive possession. *State v. Johnson*, 03-1228 (La. 4/14/04), 870 So. 2d 995; *State v. Walker*, 369 So. 2d 1345 (La. 1979).

The State argues that it proved beyond a reasonable doubt that Hodge had dominion and control of the firearm and possessed it in violation of La. R.S. 14:95.1. The jury heard testimony from Officers Davis and Gardner that the backpack was between Hodge's feet, directly within his reach and control. After removing Kennon and Hodge from the vehicle, Officer Davis opened the backpack and found the loaded 9-millimeter HiPoint firearm with extended magazine inside. Kennon told Officer Gardner that she purchased the firearm, reported it stolen, and then gave it to Hodge because she did not want it tied back to her. The State points out the contradictions in Kennon's testimony regarding who owned the backpack and gun, claiming that she was driven by her desire to protect Hodge, the father of her children. Kennon ultimately admitted that she got the gun from her brother, gave it to Hodge, and had told the police that she knew Hodge had the gun. This admission corresponded with Officer Gardner's testimony that Kennon told her she reported the gun stolen and then gave it to Hodge.

The State claims that the jury's verdict shows that it did not find credible Kennon's story about using Hodge's backpack and placing it in the vehicle without Hodge having any knowledge of it or the firearm within. Further, the jury accepted what Kennon told Officer Gardner during the stop and finally admitted, at the close of cross-examination, that she had given the gun to Hodge and that she knew he had it. The State urges that, from

7

Kennon's admissions and the circumstances of the case, the jury could find beyond a reasonable doubt that Hodge had awareness of his gun's presence in his backpack at his feet and the general intent to possess the gun.

The State also addressed Hodge's argument that the jury could not find him guilty as charged because he was not in actual possession and the court did not instruct the jury on constructive possession. It claims that Hodge's argument is not a sufficiency of the evidence issue since it does not go to whether the evidence presented at trial was sufficient for the jury to find the element of possession of the firearm proved beyond a reasonable doubt, and only errors patent and properly designated assignments of error are reviewable on appeal. La. C. Cr. P. art. 920; *State v. Daigle*, 344 So. 2d 1380 (La. 1977); *State v. Gene*, 587 So. 2d 18 (La. App. 2 Cir. 1991), *writ denied*, 604 So. 2d 993 (La. 1992). Erroneous jury instructions are not error patent, and a defendant may not complain on appeal about the jury charge absent a contemporaneous objection. *State ex rel. Ross v. Blackburn*, 403 So. 2d 719 (La. 1981); *State v. Caston*, 561 So. 2d 941 (La. App. 2 Cir. 1990). La. C. Cr. P. art. 801(C), states, in relevant part, "A party may not assign as error the giving or failure to give a jury charge or any portion thereof unless an objection thereto is made before the jury retires or within such time as the court may reasonably cure the alleged error." The State asserts that since Hodge did not preserve the error for review through objection, where he did not assign it as error, and where there is no error patent, the jury instruction issue included as part of the sufficiency of the evidence assignment of error is not properly before the court for review and should not be considered.

Nevertheless, the State argues that, even if Hodge's sufficiency of the evidence argument is considered, the instructions were proper, because La. C. Cr. P. art. 802(A) provides only that the court shall charge the jury as to the law applicable to the case. The State asserts that the jury instruction sufficiently tracked the elements of the offense as set forth in La. R.S. 14:95.1, which simply prohibits a defendant previously convicted of an enumerated felony from possessing a firearm within ten years of the date of completion of his sentence, probation, parole, or suspension of sentence. The statute does not define the term "possess" and does not create separate offenses based on whether such possession is actual or constructive. The Louisiana Supreme Court has recognized that "possess," which encompasses both actual and constructive possession, is not a term that need be statutorily defined because its meaning is "well known and commonly understood." *State v. Sandifer*, 95-2226 (La. 9/5/96), 679 So. 2d 1324; *State v. Blanchard*, 99-3439 (La. 1/18/01), 776 So. 2d 1165. The principles that govern what constitutes constructive possession are jurisprudential, not statutory elements of the offense that must be proved to convict.

The State argues that, applying their common sense and knowledge to the evidence presented, the jury found that the State proved beyond a reasonable doubt that Hodge possessed the firearm. On sufficiency of the evidence review, the court applies the jurisprudential principles pertaining to constructive possession to determine whether the evidence was constitutionally sufficient to support the jury's verdict. The absence of instruction on constructive possession does not preclude the jury from finding Hodge guilty of the charged offense and does not provide the reviewing court grounds to find the evidence insufficient.

9

The standard by which appellate courts are to review the sufficiency of evidence in criminal prosecutions is provided in *Jackson*, *supra*, as follows:

> A conviction must be based on proof sufficient for any rational trier of fact, when viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt.

In conducting a *Jackson* review, the reviewing court may not substitute its own appreciation of the evidence for that of the trier of fact, assess the credibility of witnesses, or reweigh the evidence. *State v. Pigford*, 05-0477 (La. 2/22/06), 922 So. 2d 517; *State v. Smith*, 94-3116 (La. 10/16/95), 661 So. 2d 442; *State v. Nelson*, 44,762 (La. App. 2 Cir. 10/28/09), 25 So. 3d 905; *State v. Dotie*, 43,819 (La. App. 2 Cir. 1/14/09), 1 So. 3d 833, *writ denied*, 09-0310 (La. 11/6/09), 21 So. 3d 297. Credibility determinations are made by the trier of fact, who may, within the bounds of rationality, accept or reject in whole or part, the testimony of any witness. *Johnson*, *supra*; *State v. Carr*, 55,692 (La. App. 2 Cir. 5/22/24), 387 So. 3d 886. A jury's decision to accept or reject the testimony of a witness in whole or in part is entitled to great deference. *State v. Eason*, 43,788 (La. App. 2 Cir. 2/25/09), 3 So. 3d 685, *writ denied*, 09-0725 (La. 12/11/09), 23 So. 3d. 913. The fact-finder weighs the respective credibility of the witnesses, and appellate courts will generally not second-guess those determinations. *State v. Dabney*, 02-0934 (La. 4/9/03), 842 So. 2d 326; *State ex rel. Graffagnino v. King*, 436 So. 2d 559 (La. 1983). On appellate review, the court does not determine whether another possible hypothesis suggested by a defendant could afford an exculpatory explanation of events, but instead must evaluate the evidence in a light most favorable to the State

10

and determine whether the possible hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt. *State v. Mitchell*, 99-3342 (La. 10/17/00), 772 So. 2d 78.

The *Jackson* standard applies in cases involving both direct and circumstantial evidence. *State v. Sutton*, 436 So. 2d 471 (La. 1983); *State v. Prude*, 53,193 (La. App. 2 Cir. 3/4/20), 293 So. 3d 183; *State v. Hill*, 47,568 (La. App. 2 Cir. 9/26/12), 106 So. 3d 617; *State v. Henry*, 47,323 (La. App. 2 Cir. 7/25/12), 103 So. 3d 424, *writ denied*, 12-1917 (La. 3/8/13), 109 So. 3d 356; *State v. Williams*, 33,881 (La. App. 2 Cir. 9/27/00), 768 So. 2d 728, *writ denied*, 00-3099 (La. 10/5/01), 798 So. 2d 963. The facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. *Sutton*, *supra*; *State v. Taylor*, 28,736 (La. App. 2 Cir. 10/30/96), 682 So. 2d 827. If a case rests essentially upon circumstantial evidence, that evidence must exclude every reasonable hypothesis of innocence. La. R.S. 15:438; *State v. Young*, 20-1041 (La. 5/13/21), 320 So. 3d 356; *State v. Alexander*, 53,449 (La. App. 2 Cir. 11/18/20), 306 So. 3d 594, *writ denied*, 20-01449 (La. 6/22/22), 339 So. 3d 642. The circumstantial evidence rule is neither separate from nor stricter than the *Jackson* standard of review. *Taylor*, *supra*.

First, regardless of whether Hodge's argument regarding improper jury instructions due to failure to define constructive possession were preserved for appeal, we agree with the State that the instructions were proper. The jury instruction sufficiently tracked the elements of the offense as set forth in La. R.S. 14:95.1. The term "possess" is not defined in the

11

statute because it has a commonly understood meaning. Further, there is no distinction in the offense based on whether possession is actual or constructive.

It is uncontradicted that a firearm was found in a backpack that was owned by Hodge, which was located on the passenger side floorboard where Hodge was seated when the vehicle was stopped by police. There is no question that the gun was reported stolen by Kennon and that she told police while in the patrol vehicle after the stop that the gun did not belong to her. Kennon, Hodge's girlfriend and mother to his children, was the only witness for the defense. She initially testified that the firearm belonged to her, she was using Hodge's backpack from which the firearm had been found, and Hodge had no knowledge that the firearm was in the backpack. However, following cross-examination, Kennon admitted that she had told police the gun belonged to her, but she had given it to Hodge, though she continued to claim he had no knowledge that the gun was in the backpack at the time of the stop. Kennon's credibility was clearly called into question. The jury's decision to reject her testimony is entitled to great deference. Further, although a finding of possession – the only element in question in this case – was based mostly upon circumstantial evidence, the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that Hodge was guilty of the crime of felon in possession of a firearm.

### *Sentencing Delay*

Hodge challenged the sentences. He points out that the trial court sentenced him directly after ruling on the motions for a new trial and post-verdict judgment of acquittal and did not honor the statutory time delay of

12

24 hours or obtain an express waiver of the waiting period. He refers to the provisions of La. C. Cr. P. art. 873, as follows:

> If a defendant is convicted of a felony, at least three days shall elapse between conviction and sentence. If a motion for a new trial, or in arrest of judgment, is filed, sentence shall not be imposed until at least 24 hours after the motion is overruled. If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately.

The State acquiesces that the record does not reflect any waiver of the sentencing delay by Hodge following the denial of the post-trial motions. It notes that because Hodge has raised the issue as an assignment of error and challenges his sentence on appeal, which is neither a mandatory nor minimum sentence, his argument that the failure to observe the 24-hour sentencing delay required by La. C. Cr. P. art. 873 appears to require that his sentence be vacated and the matter remanded for resentencing.

When a sentence is challenged as excessive, regardless of a showing of prejudice, the trial court's failure to honor the statutory delays is error patent and requires a reversal of the sentence and remand for resentencing. *State v. Augustine*, 555 So. 2d 1331 (La. 1990); *State v. White*, 483 So. 2d 1005 (La. 1986). In *State v. Francis*, 18-0227 (La. 4/29/19), 268 So. 3d 289, *citing State v. Augustine*, 555 So. 2d 1331 (La. 1990), the Louisiana Supreme Court granted a writ in part to vacate the sentence and remand for resentencing where the defendant did not waive the delay and where he challenged his sentence, holding that the error in failing to waive the delay was not harmless. Therefore, because there was no express waiver of the statutory delay between a ruling on the motions for a new trial and sentencing, and Hodge challenges the sentence as excessive, the sentence should be vacated and the matter remanded for resentencing in compliance

13

with La. C. Cr. P. art. 873.  As such, we pretermit consideration of the issue of excessive sentence.

## CONCLUSION

For the reasons stated hereinabove, Hodge's conviction is affirmed; however, his sentence is vacated and remanded for resentencing.

**CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING**