PER CURIAM.
h Granted in part; otherwise not considered. This case is remanded to the court of appeal for consideration as a writ application for supervisory review. It appears from the transcript of trial that defendant fully acquiesced to the consolidation of the misdemeanor charges filed against her in a single proceeding as if the state had filed a superceding bill of information joining all of the offenses under the provisions of La.C.Cr.P. art. 493. Cf. State v. Crochet, 05-0123, p. 5 (La.6/23/06), 931 So.2d 1083, 1086 (“Assuming that the crimes are otherwise properly joined in a single prosecution .... the state may effect consolidation without the approval of the defendant or the court by filing a superceding indictment.”). It further appears that at resen-tencing defendant expressly waived any claim that she had been entitled to a jury trial on the charged violation of La.R.S. 3:2096 because the offense is a one-year misdemeanor as to which she had the right to a jury if tried separately. Defendant’s overall sentencing exposure was therefore capped at six months imprisonment as a matter of La.C.Cr.P. art. 493.1 and her case was not triable by a jury. See La.C.Cr.P. art. 779 (misdemeanor 12offenses punishable by fines in excess of $1000 or imprisonment for more than six months triable before a jury of six persons; all other misdemeanor offenses tried before the court alone); cf. Blanton v. City of Las Vegas, 489 U.S. 538, 109 S.Ct. 1289, 103 L.Ed.2d 550 (1989). Accordingly, whether defendant seeks review of only her convictions on two counts of simple cruelty to animals or of all of her convictions under bills of information number 06-1055, 1056, and 1057, that review is by writ to the court of appeal and not by way of appeal. La. Const. art. 5, § 10(A)(courts of appeal have appellate jurisdiction “in all criminal cases triable by a jury [except capital cases]” and supervisory jurisdiction “over cases which arise within its circuit.”).