SULLIVAN, Judge.
 

 The Defendant, Eddy P. Sigler, was charged in separate charging instruments with driving while intoxicated under La. R.S. 14:98(J) (district court docket number 74994), and careless operation, a violation of La.R.S. 32:58 (district court docket number 74995). On October 24, 2008, the cases were heard together, and the trial court found the Defendant guilty of violating La.R.S. 14:98(J), but acquitted the Defendant on the remaining charge.
 

 
 *512
 
 The Defendant was sentenced to a fíne of $200.00 and sixty days in the parish jail, suspended and placed on six months of probation with conditions of probation imposed.
 

 On November 3, 2008, the Defendant filed an appeal listing both district court docket numbers, which was granted on October 29, 2008.
 

 On February 4, 2009, this court issued a rule to show cause why the appeal in the above-captioned case should not be dismissed, as the judgment at issue was not appealable. No response was received.
 

 The judgment at issue herein is not appealable pursuant to La. Code Crim.P. art. 912.1, therefore the appeal in the above-captioned case is hereby dismissed.
 
 See, e.g., State v. Palmer,
 
 08-517 (La.4/2/09), 6 So.3d 749.
 
 [1]
 

 The Defendant-Appellant is hereby permitted to file a proper application for supervisory writs, in compliance with Uniform Rules — Courts of Appeal, Rule 4, no later than thirty (30) days from the date of this decision. The Defendant is not required to file a notice of intent to seek writs nor obtain an order setting a return date pursuant to Uniform Rules — Courts of Appeal, Rule 4-3, as we hereby construe the motion for appeal as timely filed notice of intent to seek a supervisory writ.
 

 APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.
 

 [1]
 

 .
 
 Palmer,
 
 6 So.3d 749. A blank is used for the edition of Southern Reporter since that reporter recently began a third edition.