# NOT FOR PUBLICATION

## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 14-186

**STATE OF LOUISIANA**

**VERSUS**

**TERRANCE WAYNE ANDERSON**

************

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 09-237621
HONORABLE JOHN E. CONERY, DISTRICT JUDGE

************

## SYLVIA R. COOKS
## JUDGE

************

Court composed of Sylvia R. Cooks, J. David Painter, and Phyllis M. Keaty, Judges.

> CONVICTION AFFIRMED. SENTENCE VACATED AND REMANDED FOR RESENTENCING. MOTION TO WITHDRAW DENIED. MISDEMEANOR CONVICTION AND SENTENCE FOR SIMPLE FLIGHT SEVERED FROM APPEAL.

J. Phillip Haney
District Attorney - 16th JDC
415 S. Main Street, 200 Courthouse
St. Martinville, LA 70582
(337) 394-2220
COUNSEL FOR APPELLEE:
        State of Louisiana

Edward J. Marquet
Louisiana Appellate Project
P.O. Box 53733
Lafayette, LA 70505-3733
(337) 237-6841
COUNSEL FOR APPELLANT:
        Terrance Wayne Anderson

**COOKS, Judge.**

On April 8, 2010, Defendant, Terrance Anderson, was charged by bill of information with one count of illegal possession of stolen things valued over $500.00, a violation of La.R.S. 14:69B(1), and one count of aggravated flight from an officer, a violation of La.R.S. 14:108.1(C). On March 14, 2011, pursuant to a plea agreement with the State, Defendant entered a guilty plea to unauthorized use of a movable. During the same plea proceeding, Defendant also pled guilty to several charges filed in other docket numbers – two counts of possession of cocaine, another count of unauthorized use of a movable, and one count of aggravated flight from an officer. The trial court ordered a certified criminal history and then set the matter for sentencing on June 2, 2011. On that date, the trial court imposed the following sentences: 1) aggravated flight from an officer (this court's docket number 13-811) – two years at hard labor; 2) unauthorized use of a movable (this court's docket number 14-187) – five years at hard labor, consecutive; 3) possession of cocaine (this court's docket number 13-810) – five years at hard labor, consecutive; 4) possession of cocaine (this court's docket number 13-809) – five years at hard labor, concurrent; 5) unauthorized use of a movable (this court's docket number 14-186) – five years at hard labor, concurrent. The trial court then stated Defendant was to serve a total of twelve years at hard labor. Finally, the trial court recommended Defendant make restitution in the amount of $5,000.00 if granted parole for the unauthorized use of a movable.

On June 27, 2011, Defendant filed a *pro se* Motion for Sentence Reconsideration. At a motion to reconsider hearing held on March 16, 2012, the trial court amended the sentence imposed on aggravated flight from an officer to two years at hard labor to run concurrently with all other charges. By amending the sentence, the trial court reduced the net effect of Defendant's sentences from

2

twelve years on all counts to ten years on all counts, and the trial court recommended Defendant for the IMPACT Program.

On April 9, 2012, Defendant filed a Motion for Appeal and Withdrawal as Counsel of Record for Appeal in all five docket numbers. The Motion for Appeal stated that Defendant desired to appeal his sentence. On that same date, Defendant filed a Motion and Order to Clarify and/or Amend Sentence, asking the trial court to reduce the ten year sentence to seven years so that he would be eligible for the IMPACT program. The trial court granted the appeal of Defendant's sentence on April 13, 2012, and ordered trial counsel to remain counsel of record for purposes of the Motion and Order to Clarify and/or Amend Sentence.

Pursuant to several information requests to the St. Martin Parish Clerk of Court, this court learned that the original appellate record did not contain all of the minute entries and pleadings related to this case. On April 21, 2014, this court received a supplemental record containing several minute entries. One of the minute entries was a June 19, 2012, minute entry wherein the trial court ordered the sentences to remain the same in all docket numbers except the sentence imposed in the lower court docket number that corresponds with the present appeal. The transcript of the June 19, 2012 hearing reflects that the trial court stated the State had no opposition to the reconsideration of that sentence. The trial court then stated the following:

BY THE COURT:

This is a motion to reconsider sentence and the State has no opposition to the Court reconsidering the sentence in that docket number only. In consideration of the Defense motion, the State is going to amend charge #2 in that particular docket number from aggravated flight from an officer to simple flight. Is that correct?

BY MR. SIMONEAUD [District Attorney]:

3

Yes, sir, Your Honor.  That is correct.

BY THE COURT:

> On the charge of simple flight, the Court will sentence the defendant to 6 months in the Parish Jail. That sentence is to run concurrent.

> In all other particulars, in all of the sentences in all of the other cases will remain the same.

> The Court will recommend the defendant for the I.M.P.A.C.T. Program.

> Good luck.

The supplemental records further revealed the following. According to a minute entry dated May 24, 2013, Defendant's case went before the trial court on a Motion to Correct Illegal Sentence. The matter was continued until June 11, 2013. A minute entry dated June 11, 2013, states that the case went before the court on a Motion to Clarify or Amend Sentence but was reset for June 27, 2013. Another minute entry dated June 11, 2013, states that the case went before the court on a Motion to Correct Illegal Sentence but was continued without date due to the nonappearance of Defendant's attorney.

Finally, one of the supplemental records revealed that on June 27, 2013, the matter went before the trial court on a Motion to Reconsider and Amend Sentence. According to the minute entry, the trial court, on joint motion of the parties, amended the previously imposed sentences to order all sentences to run concurrently with each other. According to the transcript of the June 27, 2013 hearing, the matter before the court was a Motion to Reconsider Sentence based on the discontinuance of the Boot Camp program. The trial court stated that pursuant to a joint recommendation, "[a]ll sentences remain the same as to the amount of time imposed, but they should run concurrently with one another and with each other's docket number." The trial court stated that its intention was that Defendant would receive a five year hard labor sentence. The trial court also recommended all

of the programs for which Defendant is eligible as noted in the written Judgment on the Amended Sentence signed that same date.

The present appeal lodged in this court on February 12, 2014, and Defendant filed a brief on March 18, 2014. Defendant's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), alleging the record contained no non-frivolous issues for appeal and requested this court grant his accompanying Motion to Withdraw. On March 20, 2014, Defendant was advised, via certified mail, that counsel filed an *Anders* brief and he would be given until April 21, 2014, to file a *pro se* brief. In light of the filing of supplemental records after appellate counsel's original *Anders* brief was filed, this court issued an order on May 5, 2014, ordering appellate counsel to file a new brief in light of the supplemental records. On May 30, 2014, appellate counsel filed a second *Anders* brief and requested this court grant his accompanying Motion to Withdraw. On June 3, 2014, Defendant was advised, via certified mail, that counsel filed a second *Anders* brief and that he was given until June 30, 2014, to file a *pro se* brief. As of this date, no *pro se* brief has been filed.

Before the court are five separate appeals with five separate docket numbers. Because of an illegality in the sentences discovered by this court in its error patent review, we deny appellate counsel's motion to withdraw in each case and remand each case for resentencing in accordance with this opinion. Defendant's convictions in each case, however, are affirmed.

**FACTS**

The following factual basis for unauthorized use of a movable was set forth by the State at the guilty plea proceeding:

> Your Honor, under Docket No. 09-237,621 Mr. Anderson was intentionally using a movable vehicle belonging to Mr. Richard Ross, being a 2007 Chevrolet pick-up truck without Mr. Ross's consent or authorization, thus unauthorized use of a movable carrying a penalty of zero (0) to five (5) years.

6

## PROCEDURAL ISSUE

There is a procedural issue involving the Motion to Reconsider Sentence hearing that took place on June 19, 2012. As noted previously, at the June 19, 2012 hearing, the trial court addressed a Motion to Reconsider Sentence filed by Defendant. In consideration of the motion, the trial court asserted the State agreed to amend "charge #2" from aggravated flight from an officer to simple flight. The trial judge further stated "[o]n the charge of simple flight, the court will sentence the defendant to 6 months in the parish jail . . . to run concurrent."

We note several potential issues with the trial judge's actions at the June 19, 2012 hearing. First, at Defendant's original sentencing on June 2, 2011, the trial court stated that the aggravated flight charge in this docket number had been dropped. Thus, at the June 19, 2012 motion to reconsider sentence hearing, the State amended a charge that the trial court had previously indicated was dropped. The record does not indicate, however, that the State had formally dismissed the aggravated flight charge. Second, even if the aggravated flight charge had not been dropped, the June 19, 2012, transcript does not contain a colloquy wherein Defendant actually entered a guilty plea to the reduced charge of simple flight. The trial court simply stated that the State was amending the original charge of aggravated flight to simple flight, and the trial court then imposed a sentence of six months in the parish jail, "to run concurrent." Thus, it appears that the trial court imposed a sentence on a charge to which Defendant did not actually enter a guilty plea.

Nonetheless, we find the simple flight conviction and sentence is not properly before this court on appellate review. According to La.Code Crim.P. art. 912.1(B)(1), a defendant may appeal from a judgment in a criminal case that is triable by a jury. The offense for which the Defendant was originally charged in

7

"charge #2," aggravated flight from an officer, is triable by a jury since it is punishable at hard labor. La.R.S. 14:108.1(E) and La.Code Crim.P. art. 782. The aggravated flight charge was amended, however, to simple flight – a charge that is not triable by jury since it is a misdemeanor punishable by less than one thousand dollars and less than six months imprisonment.[1] La.R.S. 14:2(A)(4) and (6) and La.Code Crim. P. art. 779. As a misdemeanor not triable by a jury, the proper mode of review of simple flight is by writ and not by appeal. La.Code Crim.P. art. 912.1 and *State v. Turner*, 04-1250 (La.App. 3 Cir. 3/2/05), 896 So.2d 286, *writ denied*, 05-871 (La. 12/12/05), 917 So.2d 1084.

In *Turner*, this court severed Turner's misdemeanor conviction from the appeal of his felony drug convictions and considered his notice of appeal as a notice of writ of review, if Turner desired to seek review of his misdemeanor conviction. *Id.* The court in *Turner* specifically noted that in his appeal, Turner did not make any specific arguments regarding the misdemeanor conviction. *Id.* Likewise, the present Defendant makes no specific arguments regarding his simple flight conviction and sentence. Thus, as in *Turner*, this court severs Defendant's misdemeanor conviction and sentence of simple flight from the appeal of his felony conviction of unauthorized use of a movable and orders Defendant to file a writ of review, if he so desires, regarding the simple flight conviction and sentence in compliance with the Rules of Court. Additionally, this court will consider the

---

[1]We note that "charge #2" was not formally amended by the State to charge Defendant with the misdemeanor simple flight charge. The amendment was done orally by the State when the trial court made the assertion that the State agreed to amend "charge #2" from aggravated flight from an officer to simple flight, and the State indicated its agreement to the trial court's assertion. A formal amendment, however, was not necessary. Simple flight from an officer is a responsive verdict to aggravated flight from an officer. La.Code Crim.P. art. 814(45.1). Thus, an oral amendment was proper. *See State v. Brown*, 567 So.2d 1152 (La.App. 3 Cir. 1990.) As such, the State's oral amendment is treated as if the State filed a superseding bill of information charging Defendant with simple flight. Defendant's sentencing exposure for simple flight was therefore capped at six months imprisonment and/or a fine of not more than five hundred dollars, and his case was not triable by a jury. *See* La.R.S. 14:108.1(B), La.Code Crim.P. art. 779 and *State v. Palmer*, 08-517 (La. 4/2/09), 6 So.3d 749. *See also State v. Wolfe*, 98-1853 (La.App. 1 Cir. 5/18/99), 740 So.2d 701, where the first circuit found that the proper mode of review for a guilty plea to a misdemeanor offense was by appeal (not by writ) where the original charge was for a felony, and the bill of information *had not been amended*. *Id.*

8

Notice of Appeal as a Notice to File a Writ of Review within thirty days of this court's opinion, if Defendant desires to seek review of his simple flight conviction and sentence.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find one error patent that requires the sentences in each case be vacated and the cases remanded for resentencing.

The sentences orally pronounced by the trial court at the June 27, 2013 resentencing conflict with the sentences set forth in the written Judgment on Amended Sentence rendered that same date. At the oral pronouncement of Defendant's sentence, the trial court stated, "We *recommend* all the programs that he is eligible for in the Department of Public Safety & Corrections as noted in the Judgment on the Amended Sentence which has been agreed to by the State, and I will sign at this time." (Emphasis added.) In the written Judgment on Amended Sentence, however, the trial court *ordered* (rather than recommended) the following:

- Defendant to be immediately transferred to, enrolled in, complete, and graduate from an in-patient program for substance abuse and, if available, psychiatric treatment from the Acadiana Recovery Center in Lafayette, Louisiana.

- The Acadiana Recovery Center to immediately admit Defendant, make a bed available for Defendant, and admit Defendant into its in-patient program for substance abuse and, if available, psychiatric treatment.

- Defendant's participation in the Acadiana Recovery Center to be considered as time served.

- Defendant be transported from Elayn Hunt Correctional Center (or any other correctional center to which he may be assigned) to Acadiana Recovery Center.

- Defendant be immediately returned to David Wade Correctional Center after graduating from his rehabilitation

9

program for calculation of the total time remaining on his sentence.

- Defendant be immediately returned to David Wade Correctional Center if he does not graduate or withdraws, for any reason, from the rehabilitation program for calculation of the total time remaining on his sentence.

- Defendant be treated by a health care provider in the area for mental illness, regularly attend behavioral treatment by a psychologist, therapist, and/or psychiatrist for a minimum of six months.

Although the trial court's oral *recommendation* that Defendant be placed in all of the programs for which he is eligible was something it had authority to do, the trial court's written *order* that Defendant be placed in specific programs and facilities was a violation of La.R.S. 15:824(A). That statute provides that any individual subject to confinement in a state adult penal or correctional institution shall be committed to the Department of Public Safety and Corrections and not to any particular institution within the jurisdiction of the department. As the supreme court noted in *State v. Blue*, 315 So.2d 281, 282 (La.1975), a defendant sentenced to hard labor is "committed" to the custody of the Department of Corrections. La.R.S. 15:824(C). Once in the custody of the Department of Corrections, "the physical placement of prisoners [is] within the jurisdiction of the DOC **alone**." *State v. Sylvester*, 94-2343, p. 5 (La.App. 4 Cir. 12/15/94), 648 So.2d 31, 33. Thus, it is improper for the trial judge to designate physical placement of a defendant committed to the custody of the Department of Corrections.

In *Blue*, the supreme court found the trial court improperly designated the placement of a defendant in the Louisiana State Penitentiary (rather than DOC) when the defendant had been sentenced to hard labor. Because of the error, the supreme court remanded the case for resentencing. *Id.* Similarly, in *State v. Welch*, 07-1401 (La.App. 3 Cir. 4/30/08) (unpublished opinion),[2] this court found

_____
[2] This case is cited at 2008 WL 1897721.

the trial court improperly ordered the Department of Corrections to place the defendant in the St. Gabriel Women's Correctional Facility. As did the supreme court in *Blue*, this court in *Welch* set aside the sentence and remanded for resentencing. *Id.* at p. 2.

Likewise, we find the sentences imposed in each of the present cases should be set aside and the cases remanded for resentencing. We recognize that an oral pronouncement, not a written judgment of sentence, is required by La.Code Crim.P. art. 871. *State v. Sebastien*, 31,750 (La.App. 2 Cir. 3/31/99), 730 So.2d 1040, *writ denied*, 99-1426 (La. 10/29/99), 748 So.2d 1157. Thus, this court could find, as did the second circuit in *Sebastien*, that "[d]iscrepancies between a written judgment and the sentencing transcript should be resolved in favor of the oral sentence reflected in the sentencing transcript." *Id.* at 1048 (citing *State v. Boyte*, 571 So.2d 722 (La.App. 2 Cir. 1990). By making this finding, remand for resentencing would not be necessary as the oral pronouncement by the trial court only *recommended* the Defendant's participation in all programs for which he is eligible. We find, however, that resentencing is the appropriate course of action to take in this case. It is clear that when the trial court orally pronounced sentence, the written Judgment on the Amended Sentence had already been prepared and, in fact, was signed by the trial court at that time. According to the written Judgment on Amended Sentence, "counsel for the State and Defendant [had] intensely discussed the matter at issue . . . and desire[d] to settle said issue amicably, without the need for any further judicial proceedings. . . ." Thus, the sentencing judge, the prosecutor, and defense counsel clearly intended that Defendant receive services that would lead him to rehabilitation, and they knew these services were available at the Acadiana Recovery Center. Had the trial court known it could not specifically designate the institution where Defendant would be placed, it is possible it may have imposed a different sentence. For these reasons, we vacate

11

the sentences imposed in each case and remand for resentencing in accordance with this opinion.

## *ANDERS* ANALYSIS

Pursuant to *Anders*, Defendant's appellate counsel alleges that he made a conscientious and thorough review of the trial court record and could find no errors on appeal that would support reversal of Defendant's conviction or sentence. Thus, counsel seeks to withdraw.

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

While it is not necessary for Defendant's appellate counsel to "catalog tediously every meritless objection made at trial or by way of pre-trial motions with a labored explanation of why the objections all lack merit[,]" counsel's *Anders* brief must "'assure the court that the indigent defendant's constitutional rights have not been violated.' *McCoy* [*v. Court of Appeals of Wisconsin*, 486 U.S. [429] at 442, 108 S.Ct. [1895] at 1903 [(1988)]." *State v. Jyles*, 96-2669, p. 2 (La. 12/12/97), 704 So.2d 241, 241. Counsel must fully discuss and analyze the trial record and consider "whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the

12

evidence presented to the jury for its consideration." *Id.* (citing *United States v. Pipper*, 115 F.3d 422, 426 (7th Cir. 1997). Thus, counsel's *Anders* brief must review the procedural history and the evidence presented at trial and provide "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." *State v. Mouton*, 95-981, p. 2 (La. 4/28/95), 653 So.2d 1176, 1177.

In his original *Anders* brief, appellate counsel pointed out that Defendant pled guilty after being explained his constitutional rights. Additionally, appellate counsel noted that Defendant agreed that no one threatened him or promised him anything in exchange for pleading guilty. The trial court accepted Defendant's guilty pleas and found each to be free and voluntary with a complete understanding and waiver of all constitutional rights.

Finally, in his original *Anders* brief, appellate counsel asserted the sentence imposed for unauthorized use of a movable, five years at hard labor, could not reasonably be argued as excessive. Appellate counsel based this assertion on the fact that for all five counts, Defendant received a total sentence of ten years at hard labor. This sentence, appellate counsel noted, had been reduced from twelve years to ten years pursuant to a Motion to Reconsider Sentence filed by Defendant. Appellate counsel further noted Defendant has a significant criminal history – simple robbery and several arrests. In his most recent *Anders* brief, appellate counsel again asserts that the sentence imposed is not excessive in "view of the fact that the defendant's total sentence on all the charges to which he pled guilty was reduced to five (5) years . . . ."[3]

Pursuant to *Anders*, 386 U.S. 738, and *Benjamin*, 573 So.2d 528, we have performed a thorough review of the record, including pleadings, minute entries, the

---

[3] We note that Defendant's "total sentence" was not reduced to five years as contended by appellate counsel. Rather, the "net effect" of the sentences was reduced to five years because of the trial court's order that all sentences run concurrently.

charging instrument, and the transcripts. Defendant was properly charged in the bill of information, and he was present and represented by counsel at all crucial stages of the proceedings. Additionally, Defendant entered a free and voluntary plea after he was advised of his rights in accordance with *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969). Defendant pled guilty to unauthorized use of a movable, a crime different than the two charges for which he was originally charged – illegal possession of stolen things and aggravated flight from an officer. Although the record contains no amendment to the bill of information, the trial court stated at the June 2, 2011 sentencing that the aggravated flight from an officer charge had been dropped and Defendant pled guilty to the amended charge of unauthorized use of a movable. According to the supreme court, the district court retains jurisdiction to accept a defendant's knowing and voluntary guilty plea even if the offense to which the defendant pleads is not responsive to the original charge, and the State fails to amend the bill of information to conform to the plea. *State v. Jackson*, 04-2863, p. 14 (La. 11/29/05), 916 So.2d 1015, 1023.

After questioning Defendant as to whether anyone had threatened him or promised him anything to get him to plead guilty, the trial court advised him of his right to an attorney, his right to a trial by jury, his right to confront his accusers, and his right to remain silent. The trial court also made sure Defendant was aware of his right to have the State prove its case against him and his right to subpoena witnesses to testify on his behalf. The trial court accepted each of Defendant's guilty pleas, finding that they were all freely and voluntarily entered with a complete understanding and waiver of constitutional rights.

Finally, this court has previously addressed the legality of the sentences imposed. As discussed in the error patent section, we find the sentences imposed in each case must be vacated and the case remanded for resentencing in accordance with this opinion. Since Defendant must be represented at resentencing, defense

14

counsel's Motion to Withdraw is denied. *See State v. White*, 08-838 (La.App. 3 Cir. 12/11/08) (unpublished opinion).[4]

Accordingly, after conducting an *Anders* review, this court affirms Defendant's conviction. The sentence, however, is vacated based on the error patent discussed above, and the case is remanded for resentencing in accordance with this opinion. Because Defendant must be represented at the resentencing, appellate counsel's Motion to Withdraw is denied. Additionally, Defendant's misdemeanor conviction and sentence for simple flight is severed from the appeal of his felony conviction for unauthorized use of a movable, and Defendant is ordered to file a writ of review, if he so desires, regarding the simple flight conviction in compliance with the Rules of Court. This court considers the notice of appeal as a notice to file a writ of review within thirty days of this court's opinion, if Defendant desires to seek review of his simple flight conviction and sentence.

**CONVICTION AFFIRMED, SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING, MOTION TO WITHDRAW DENIED. MISDEMEANOR CONVICTION AND SENTENCE FOR SIMPLE FLIGHT SEVERED FROM APPEAL.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules–Courts of Appeal, Rule 2-16.3.

---

[4] This case is cited at 2008 WL 5191845.

15