KLEES, Judge.
On December 29, 1981, Larry Browder was charged by Bill of Information with armed robbery in violation of LSA-R.S. 14:64. A twelve-member jury found Brow-der guilty as charged. Since Browder was adjudged a triple offender, he was sentenced to serve forty-nine and one-half (49V2) years at hard labor.
Larry Browder appeals this conviction and sentence and requests this court to review the record for errors patent. We affirm the conviction and correct the sentence in accordance with the law.
At approximately 2:00 a.m. on December 21, 1981, Mark Herring was riding in a friend’s car in the French Quarter of New Orleans. He had recently withdrawn money from a 24-Hour Teller machine located at the corner of Chartres and St. Ann Streets. Herring exited his friend’s car at the corner of Royal and Dumaine Streets. His friend drove off, and suddenly another car drove up next to Herring and stopped. A man Herring identified as the Defendant, Larry Browder, jumped out of the car, pointed a gun at Herring’s stomach, and robbed him of his money, overcoat, watch and money clip. Browder then advised Herring to run to the back of an adjacent parking lot if he wanted “to live.” Brow-der jumped back into the car, which was being driven by Browder’s co-defendant, Herbert Fontenette, and the car drove away from the scene. Herring ran back to the street and caught a glimpse of the car’s license plate. He then ran to a nearby hotel and reported the robbery to a police officer working a detail.
In response to the dispatch regarding the robbery, Sergeant Bird of the New Orleans Police Department began patrolling the French Quarter. After a few minutes, Sergeant Bird spotted a car near the corner of Burgundy Street and Esplanade Avenue which matched the description of the car used in the robbery. He followed the car while calling for reinforcements. Sergeant Bird and Officers Gressett and Kleinberger stopped the car at the corner of North Robertson Street and Elysian Fields Avenue. Browder and Fontenette were removed from the car and frisked for weapons. Inside the car, the officers observed an overcoat lying on the backseat, a rifle lying on the backseat floorboard, and a watch lying on the driver’s floorboard.
Herring was transported to the scene, and he positively identified Browder as the gunman and Fontenette as the driver of the car. He also identified the coat, watch, and money clip as his property that was taken in the robbery. The officers recovered $128.97 from Fontenette and $139.30 from Browder. Herring testified that approximately twenty-five minutes lapsed between the robbery and his identification of Browder and Fontenette at the scene where they were stopped.
Our review for errors patent discloses that the trial court erred in its sentencing of Larry Browder. Browder was sentenced as a triple offender to serve forty-nine and one-half years at hard labor. No prohibition against parole, probation or suspension of sentence was imposed on his sentence. A conviction for armed robbery carries with it a sentence that is to be served without benefit of parole, probation, or suspension of sentence. LSA-R.S. 14:64. In State v. Bruins, 407 So.2d 685 (La.1981), the State Supreme Court held that where a defendant is convicted of armed robbery and is then adjudged a multiple offender, his sentence is to be served without benefit of parole, probation, or suspen *728 sion of sentence. That Court vacated the defendant’s sentence and remanded the case for resentencing.
On the other hand, the Louisiana Supreme Court, in State v. Jackson, 452 So.2d 682 (La.1984), held that an appellate court could not take cognizance on appeal of sentencing errors that were unfavorable to the defendant where such errors were not raised by either the defendant or the State but were merely discovered on a viewing of the appeal record. As this issue was not raised on appeal we may not consider this error to be an “error patent” correctable by this court.
Although not specifically assigned as error, the sufficiency of evidence to support the appellant’s conviction must be reviewed as per State v. Raymo, 419 So.2d 858 (La.1982). The reviewing court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Andrews, 452 So.2d 687 (La.1984).
Browder was convicted of armed robbery, which is (1) the theft, (2) of anything of value (3) from the person of or in the immediate control of another, (4) by use of force or intimidation, (5) while armed with a dangerous weapon. LSA-R.S. 14:64. Here, Browder was positively identified by Herring as the man who jumped out of the car, pointed a gun at him, robbed him of his money, coat, watch, and money clip, threatened to harm him, and then jumped back into the car and drove away from the scene. The officers identified Browder as one of the two men found in the car which contained the property stolen from Herring. A rational jury could well have found Browder guilty of armed robbery beyond a reasonable doubt.
Therefore, for the reasons assigned, the conviction and sentence of Larry Browder is affirmed.
AFFIRMED.