ARMSTRONG, Judge.
The defendant, Warren Herbert,[1] was charged with four counts of aggravated kipnapping, five counts of aggravated rape, five counts of aggravated crime against nature, and three counts of armed robbery. Following a trial by jury on counts eleven (aggravated rape), twelve (aggravated crime against nature), and thirteen (armed robbery), defendant was found guilty as charged as to all three counts.[2] On the charge of aggravated rape, he was sentenced to serve life imprisonment without benefit of probation, parole or suspension of sentence, on the charge of aggravated crime against nature, he was sentenced to ten years at hard labor, and on the charge of armed robbery, he was sentenced to ninety-nine years at hard labor without benefit of parole, probation or suspension of sentence, all sentences to run concurrently to each other and consecutively to any other existing sentences.
In his only assignment of error, defendant asks this court to review the record for errors patent. Upon reviewing the record we have discovered two such errors, the first of which being that on defendant’s aggravated crime against nature conviction the trial court imposed an illegal sentence. The pertinent sentencing provision is found in LSA-R.S. 14:89.1 and states:
Whoever commits the crime of aggravated crime against nature shall be imprisoned at hard labor for not less than three nor more than fifteen years, such prison sentence to be without benefit of suspension of sentence, probation or parole.
The trial court failed to provide that the defendant’s sentence was to be without benefit of parole, probation or suspension of sentence. Nonetheless, because this is an error patent favorable to the defendant and not raised by the state on appeal, we will not disturb the sentence imposed. See State v. Fraser, 484 So.2d 122 (La.1986); State v. Petta, 496 So.2d 390 (La.App. 4th Cir.1986); State v. Daniels, 473 So.2d 873 (La.App. 4th Cir.1985) writ denied, 478 So.2d 1233 (La.1985); and State v. Browder, 471 So.2d 726 (La.App. 4th Cir.1985).
We further find that although the minute entry of sentencing reflects that the defendant was sentenced on his armed robbery conviction to life imprisonment without benefit of parole, probation, or suspension of sentence, the transcript of sentencing indicates that he was really sentenced to serve ninety-nine years at hard labor without benefit of parole, probation, or suspension of sentence. Because the defendant does not assign this as error and in fact notes that he was given the ninety-nine year sentence, we find the sentence reflected in the transcript to be controlling. Therefore, the defendant was correctly given the ninety-nine year sentence, not the life sentence.
Accordingly, defendant’s convictions and sentences as to all three counts are affirmed.
AFFIRMED.

. Although the front of the appeal record in the instant case lists the name of the appellant as “Warren Hebert," it appears that the appellant’s real name is Warren Herbert.

. Although the minute entries of trial note that the appellant was charged at this trial with aggravated kidnapping, the indictment, minute entry of sentencing, and the appellant’s brief all note that he was charged with and convicted of aggravated rape as to count eleven, not aggravated kidnapping.