STATE OF LOUISIANA      \*      NO. 2020-KA-0290

VERSUS      \*

WIDNER DEGRUY      \*      COURT OF APPEAL

     FOURTH CIRCUIT

     \*

     STATE OF LOUISIANA

\* \* \* \* \* \* \*

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 526-458, SECTION "B"
Honorable Tracey Flemings-Davillier, Judge
\* \* \* \* \* \*
**Judge Paula A. Brown**
\* \* \* \* \* \*
(Court composed of Judge Paula A. Brown, Judge Tiffany G. Chase,
Judge Dale N. Atkins)

Leon Cannizzaro
DISTRICT ATTORNEY
Donna Andrieu
Irena Zajickova
ASSISTANT DISTRICT ATTORNEY
DISTRICT ATTORNEY'S OFFICE
ORLEANS PARISH
619 S. White Street
New Orleans, LA 70119

     COUNSEL FOR STATE/APPELLEE

Sherry Watters
LOUISIANA APPELLATE PROJECT
P. O. Box 58769
New Orleans, LA 70158

     COUNSEL FOR DEFENDANT/APPELLANT

            **AFFIRMED IN PART;
VACATED AND REMANDED IN PART
OCTOBER 29, 2020**

PAB
TGC
DNA This is a criminal appeal. Defendant, Widner "Flow" DeGruy, Jr. ("DeGruy") appeals his convictions and sentences of two counts of second degree murder and conspiracy to commit second degree murder, and his sentences for obstruction of justice and conspiracy to commit obstruction of justice. For the reasons that follow, we affirm DeGruy's sentences on obstruction of justice and conspiracy to commit obstruction of justice, and vacate and remand DeGruy's convictions on two counts of second degree murder and conspiracy to commit second degree murder.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 25, 2015, at approximately 5:43 A.M., the New Orleans Police Department ("NOPD") was notified that two victims had been fatally shot at the intersection of Bright and Pressburg Streets, New Orleans, Louisiana. Upon NOPD's arrival on the crime scene, they discovered two bloody bodies with multiple gunshot wounds sitting in a black Kia Cadenza. The victims were identified as twenty-two year old Kendrick Bishop and eighteen year old Kendred Bishop (the "Bishop Brothers").

1

An arrest warrant was issued for DeGruy and Jonathan "Lil Joe" Evans ("Evans") on May 28, 2015, in connection with the double homicide of the Bishop Brothers. On September 24, 2015, a grand jury returned an indictment against DeGruy and Evans, along with Chantell Edwards (DeGruy's mother, hereinafter "Ms. Edwards") and Jamya Brady (DeGruy's girlfriend at the time of the offense, hereinafter "Ms. Brady"). DeGruy and Evans were each charged with one count of second degree murder of Kendrick Bishop, a violation of La. R.S. 14:30.1; one count of second degree murder of Kendred Bishop, a violation of La. R.S. 14:30.1; one count of conspiracy to commit second degree murder, a violation of La. R.S. 14:(26)30.1; one count of obstruction of justice, a violation of La. R.S. 14:130.1; and one count of conspiracy to commit obstruction of justice, a violation of La. R.S. 14:(26)130.1.[1] Ms. Edwards was charged with accessory after the fact to second degree murder,[2] and Ms. Brady was charged with conspiracy to commit obstruction of justice.[3]

On September 29, 2015, DeGruy was arraigned and entered a plea of not guilty to all the charges. On February 8, 2019, DeGruy amended his plea to guilty on obstruction of justice and conspiracy to commit obstruction of justice. The district court deferred sentencing on the obstruction charges until after trial on the other three charges.

---

[1] Evans pled guilty to an amended charge of two counts of manslaughter. Evans was sentenced to twenty years imprisonment without the benefit of probation, parole, or suspension.

[2] Ms. Edwards pled guilty to two counts of aiding and abetting others to remain somewhere when not authorized. She was sentenced to probation for six months with credit for time served.

[3] Ms. Brady pled guilty to two counts of aiding and abetting others to remain somewhere when not authorized. She was sentenced to probation for six months with credit for time served.

A jury trial commenced on April 1, 2019, on two counts of second degree murder and one count of conspiracy to commit second degree murder.

On April 8, 2019, the jury returned an eleven to one verdict on each count, finding DeGruy guilty on two counts of second degree murder and conspiracy to commit second degree murder. DeGruy, on May 10, 2019, motioned the court for a judgment notwithstanding the verdict and a new trial, arguing, *inter alia,* that the non-unanimous jury verdict was unconstitutional, and the district court improperly allowed the admission of other crimes evidence. The district court denied both motions.

A sentencing hearing was held on May 14, 2019, wherein the district court imposed all the sentences. DeGruy was sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence for both counts of second degree murder and the maximum thirty years imprisonment at hard labor without benefit of parole, probation or suspension of sentence for one count of conspiracy to commit second degree murder. Regarding his guilty pleas, DeGruy was sentenced to forty years imprisonment at hard labor for obstruction of justice and thirty years imprisonment at hard labor for conspiracy to commit obstruction of justice.[4] All sentences were ordered to run concurrently, with credit for time served.

This criminal appeal follows.

---

[4] The minute entry reflects that the sentences imposed in connection with defendant's convictions on the charges of obstruction of justice and conspiracy to commit obstruction of justice, were to be served without the benefit of parole, probation or suspension of sentence. Such sentences would have been erroneous as the pertinent criminal statutes do not specify that the sentences associated with these crimes are to be served without benefits. However, there is no need for this Court to correct such an error as the law is clear, when a conflict exists between the sentencing transcript and the sentencing minute entry, the transcript controls. *State v. Pleasant,* 541 So.2d 401 (La. App. 4th Cir. 1989) (citing *State v. Hebert,* 508 So.2d 973 (La. App. 4th Cir. 1987)).

## ERRORS PATENT

In accordance with La. C.Cr.P. art. 920(2), all appeals are reviewed for errors patent on the face of the record.[5]  A review of the record reveals one error patent which is also raised as assignment of error one, and will be discussed, *infra*.

## DISCUSSION

On appeal, DeGruy assigns three errors for this Court's review:  (1) his convictions by non-unanimous jury verdict are unconstitutional; (2) the district court erred in denying his motion in *limine* to preclude the State's presentation of other crimes evidence; and (3) all of his sentences are unconstitutionally excessive.

**Assignment of Error 1:** *Non-Unanimous Jury Verdict*

DeGruy argues that, pursuant to *Ramos v. Louisiana*, --- U.S. ---, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020) ("*Ramos*") his convictions of second degree murder and conspiracy to commit second degree murder by a non-unanimous jury vote and respective sentences should be vacated and remanded.  We agree.

On April 20, 2020, the United States Supreme Court in *Ramos*, overruled a line of Louisiana jurisprudence and held that a defendant's Sixth Amendment right to a jury trial, as applied to the States by the Fourteenth Amendment, requires an unanimous jury verdict for a state felony conviction.  This rule applies retroactively to all criminal cases properly preserved for review at the time *Ramos* was decided. *See, e.g., State v. Laurant*, 2019-0292, 2020 WL 3578616, at * 2 (La. App. 4 Cir. 7/1/20) (citing *Schriro v. Summerlin*, 542 U.S. 348, 351, 124 S.Ct. 2519, 2522 (2004)) (wherein this Court highlighted that a new rule espoused by the

---

[5] La. C.Cr.P. art. 920(2) provides that an errors patent is "[a]n error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." *State v. Duckett*, 2019-0319, p. 8 (La. App. 4 Cir. 12/18/19), 288 So.3d 167, n.3.

United States Supreme Court applies to all criminal cases properly preserved for review). Following *Ramos*, the Louisiana Supreme Court in *State v. Varnado*, 2020-0356, 2020 WL 3425296, at * 1 (La. 6/3/20), held that even if a defendant's non-unanimous jury verdict claim was not properly preserved for review at the time *Ramos* was decided, the reviewing court should nonetheless include it in its error patent review. *See also* La. C.Cr.P. art. 920(2).

DeGruy filed a pre-trial "Motion to Declare Louisiana's 10-2 Verdict Unconstitutional," on March 29, 2019, which the district court denied on May 10, 2019. On April 8, 2019, DeGruy was tried and convicted by verdicts of eleven to one on two counts of second degree murder and conspiracy to commit second degree murder. On May 10, 2019, DeGruy unsuccessfully argued a motion for new trial partly based on the constitutionality of his non-unanimous jury verdict. At the time of his trial, Louisiana law allowed for non-unanimous jury verdicts for felony offenses that were committed before January 1, 2019, in accordance with La. C.Cr.P. art. 782(A).

Applying *Ramos* to the case *sub judice*, we conclude that DeGruy's two counts of second degree murder, conspiracy to commit second degree murder convictions, and the respective sentences imposed are unconstitutional; thus, this Court is mandated to vacate and remand the aforementioned charges and sentences for further proceedings. *See, e.g., State v. Boner*, 2019-0658, 2020 WL 3446167, at * 4 (La. App. 4 Cir. 6/24/20); *State v. Donovan*, 2019-0722, 2020 WL 2752201, at * 2 (La. App. 4 Cir. 5/27/20) (wherein this Court, through its application of *Ramos*, vacated and remanded the defendants' non-unanimous jury convictions and the respective sentences).

This assignment of error has merit.

**Assignment of Error 2: *Other Crimes Evidence***

DeGruy complains that the district court's denial of his motion in *limine* to preclude the State's presentation of evidence relating to his alleged gang affiliation constituted impermissible testimony of other crimes evidence.

This Court, through its application of *Ramos*, held that a defendant's assignment of error stemming from a vacated and remanded non-unanimous jury conviction and the respective sentence is moot. *See, e.g., Boner*, 2019-0658, 2020 WL 3446167, at * 4; *Donovan*, 2019-0722, 2020 WL 2752201, at * 2. In light of this Court's decision to vacate and remand DeGruy's convictions of second degree murder and conspiracy to commit second degree murder pursuant to *Ramos*, this assignment of error is rendered moot as to those charges.

**Assignment of Error 3: *Excessive Sentences***

DeGruy contends that all of his sentences are unconstitutionally excessive and a needless imposition of pain and suffering. This Court, having vacated and remanded DeGruy's second degree murder convictions, conspiracy to commit second degree murder conviction and the respective sentences, pursuant to *Ramos*, renders this assigned error moot as to those sentences. This Court will, however, review DeGruy's assigned error of excessive sentences as it relates to his guilty pleas of obstruction of justice and conspiracy to commit obstruction of justice.

Obstruction of justice, as defined in La. R.S. 14:130.1, provides in relevant part:

> A. The crime of obstruction of justice is any of the following when committed with the knowledge that such act has, reasonably may, or will affect an actual or potential present, past, or future criminal proceeding as described in this Section:
>
> (1) Tampering with evidence with the specific intent of distorting the results of any criminal investigation or proceeding which may

reasonably prove relevant to a criminal investigation or proceeding. Tampering with evidence shall include the intentional alteration, movement, removal, or addition of any object or substance either:

> (a) At the location of any incident which the perpetrator knows or has good reason to believe will be the subject of any investigation by state, local, or U.S. law enforcement officers.

Pursuant to La. R.S. 14:130.1(B)(1), whoever commits the crime of obstruction of justice, when the obstruction of justice involves a criminal proceeding in which a sentence of death or life imprisonment may be imposed, shall be imprisoned for not more than forty years at hard labor.

Criminal conspiracy, a violation of La. R.S. 14:26, "is the agreement or combination of two or more persons for the specific purpose of committing any crime; provided . . . one or more of such parties does an act in furtherance of the object of the agreement or combination." Under La. R.S. 14:26(C), "[w]hoever is a party to a criminal conspiracy to commit a crime punishable by death or life imprisonment shall be imprisoned at hard labor for not more than thirty years."

Although DeGruy is not challenging his guilty pleas, he challenges, as a violation of the Eighth Amendment, his sentences to the maximum forty years imprisonment for obstruction of justice and the maximum thirty years imprisonment for conspiracy to commit obstruction of justice as unconstitutionally excessive. DeGruy further complains that at his sentencing hearing, the trial judge failed to provide a factual basis for imposing maximum sentences and recite the sentencing guidelines, pursuant to La. C.Cr.P. art. 894.1. Specifically, DeGruy asserts that the district court mistakenly found no mitigating factors for a less severe sentence.

7

Our review of the record shows that DeGruy did not file a motion to reconsider sentence. This Court has previously explained "that the failure to file a motion to reconsider sentence or to object to the sentence at the time it is imposed precludes a defendant from raising a claim about his sentence on appeal." *State v. McCarthy*, 2012-0342, p. 4 (La. App. 4 Cir. 3/27/13), 112 So.3d 394, 396-97 (citations omitted); *see also* La. C.Cr.P. art. 881.1(A)(1) and (E). The motion shall be oral at the time of sentencing or in writing thereafter and shall set forth the specific grounds the motion is based upon. *See* La. C.Cr.P. art. 881.1(B). Here, the record reflects that at the conclusion of the sentencing hearing, defense counsel merely requested the trial judge grant DeGruy's notice of intent to seek an appeal. This did not trigger preservation of DeGruy's excessive sentence claim for review. Nevertheless, DeGruy's excessive sentence claim is limited to a bare review for constitutional excessiveness. *See State v. Degregory*, 2018-0779, p. 18 (La. App. 4 Cir. 6/12/19), 274 So.3d 902, 913 (quoting *State v. Zeitoun*, 2017-0366 (La. App. 4 Cir. 11/8/17), 231 So.3d 934, 945)(wherein this Court held that a defendant's failure to file a motion to reconsider his sentence limits the defendant's excessive sentence claim to a bare review for excessiveness on appeal).

Under both the Eighth Amendment of the United States Constitution and Article I, § 20 of the Louisiana Constitution, the imposition of excessive and cruel punishments are prohibited. *State v. Wilson*, 2014-1267, p. 23 (La. App. 4 Cir. 4/29/15), 165 So.3d 1150, 1165. "The excessiveness of a sentence is a question of law, and a reviewing court will not set aside a sentence [for excessiveness] absent a manifest abuse of discretion by the trial [judge]." *State v. Alridge,* 2017-0231, p. 39 (La. App. 4 Cir. 5/23/18), 249 So.3d 260, 288, *writ denied,* 2018-1046 (La. 1/8/19), 259 So. 3d 1021. "The trial judge is afforded wide

8

discretion in determining sentences, and the court of appeal will not set aside a sentence for excessiveness if the record supports the sentence imposed.'" *State v. Bradley*, 2018-0734, p. 8 (La. App. 4 Cir. 5/15/19), 272 So.3d 94, 99-100 (quoting *State v. Williams*, 2015-0866, pp. 12-13 (La. App. 4 Cir. 1/20/16), 186 So.3d 242, 250); *see also* La. C.Cr.P. art. 881.4(D).  A sentence within the applicable statutory range can amount to unconstitutional excessiveness if the reviewing court determines that the sentence does not serve to complete the acceptable goals of punishment, constitutes purposeful imposition of pain and suffering, and is disproportionate to the severity of the offense committed.  *See State v. Kennon*, 2019-0998, 2020 WL 5405710, at * 5 (La. 9/1/20) (citing *State v. Dorthey*, 623 So.2d 1276 (La.1993); *State v. Johnson*, 709 So.2d 672 (La. 1998)).  Thus, "[t]he relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate." *State v. Mathieu*, 2018-964, p. 4 (La. App. 3 Cir. 11/6/19), 283 So.3d 1041, 1045 (*citing State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957).

In the case *sub judice,* after reviewing the record and applicable law, we find that based on the egregious nature of the underlying crime and the multiple steps taken by Degruy in an attempt to cover up and thwart the NOPD's investigation, the district court did not abuse its broad sentencing discretion in imposing maximum sentences for obstruction of justice and conspiracy to commit obstruction of justice convictions.

DeGruy pled guilty to one count of obstruction of justice and one count of conspiracy to commit obstruction of justice in the aftermath of the gruesome ambush murders of the Bishop Brothers.  Following the Bishop Brothers' murders, DeGruy: (1) retreated to his mother's house where he intentionally changed clothes

and left multiple guns in his room, which his mother later disposed of; (2) after changing clothes, he drifted back to the crime scene and intentionally provided NOPD with false information in an attempt to hide his identity; (3) he lied about how his cell phone came to be present at the crime scene; (4) he gave conflicting statements during his police interview in an attempt to undermine the police investigation into the murders; and (5) he implicated another individual to the homicide.

As a comparison, we examined similar Louisiana cases where the maximum sentence was imposed for obstruction of justice and conspiracy to commit obstruction of justice. In *State v. Duckett*, 2019-0319 (La. App. 4 Cir. 12/18/19), 288 So.3d 167, this Court affirmed the district court's imposition of the maximum forty year sentence for obstruction of justice to the underlying crime of attempted second degree murder where the defendant intentionally attempted to derail the investigation by blaming someone else for the crime. Likewise, in *State v. Royal*, 2003-439 (La. App. 5 Cir. 9/30/03), 857 So.2d 1167, the reviewing court affirmed a forty year maximum sentence for obstruction of justice against a defendant that disposed of and threw the murder weapon into the river after committing second degree murder. Moreover, the reviewing court, in *State v. McClure*, 2014-253 (La. App. 5 Cir. 3/11/15), 169 So.3d 150, upheld a defendant's thirty year maximum sentence for conspiracy to commit obstruction of justice for conspiring to have the sole eyewitness murdered to prevent the witness from testifying in the defendant's second degree murder trial.

Consequently, we find that the sentences imposed for DeGruy are not a purposeful imposition of pain and suffering or disproportionate to the severity of

the offenses he committed. DeGruy's maximum sentences are not unconstitutionally excessive.

This assignment of error lacks merit.

## CONCLUSION

Based on the foregoing, DeGruy's sentences for obstruction of justice and conspiracy to commit obstruction of justice are affirmed. Pursuant to *Ramos*, DeGruy's convictions for two counts of second degree murder of Kendrick and Kendred Bishop and one count of conspiracy to commit second degree murder are vacated and remanded for further proceedings.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

11